# EXHIBIT A

**CT Corporation**

**Service of Process Transmittal**
06/18/2018
CT Log Number 533540840

TO:     Michael Johnson, Legal Assistant
        The Hartford
        1 Hartford Plz, HO-1-09
        Hartford, CT 06155-0001

RE:     **Process Served in Texas**

FOR:    Hartford Accident and Indemnity Company  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | BOY SCOUTS OF AMERICA, etc., Pltf. vs. The Hartford Accident and Indemnity Co. and First State Insurance Co., Dfts. |
| DOCUMENT(S) SERVED: | Citation, Return, Original Petition, Exhibit(s) |
| COURT/AGENCY: | 95th Judicial District Court Dallas County, TX<br>Case # DC1807313 |
| NATURE OF ACTION: | Insurance Litigation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 06/18/2018 at 14:30 |
| JURISDICTION SERVED : | Texas |
| APPEARANCE OR ANSWER DUE: | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| ATTORNEY(S) / SENDER(S): | Ernest Martin, Jr.<br>HAYNES AND BOONE, L.L.P.<br>2323 Victory Ave.<br>Suite 700<br>Dallas, TX 75219<br>214-651-5000 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 06/19/2018, Expected Purge Date: 06/24/2018<br><br>Image SOP<br><br>Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification,  Massimo Fraschilla  Massimo.Fraschilla@thehartford.com<br><br>Email Notification,  Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| SIGNED:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / RP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

6/18/18

EMHPSC4418

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To: The Hartford Accident and Indemnity Co.**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **Boy Scouts of America, Connecticut Yankee Council, Spirit of Adventure Council, Aloha Council, and Cascade Pacific Council**

Filed in said Court **5th day of June, 2018** against

**The Hartford Accident and Indemnity Co., First State Insurance Co.**

For Suit, said suit being numbered **DC-18-07313,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of June, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
/s/ Teresa Jones
TERESA JONES

---

**ESERVE**

**CITATION**

**DC-18-07313**

**Boy Scouts of America et al**
**vs.**
**The Hartford Accident and Indemnity Co., et al**

ISSUED THIS
**15th day of June, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: TERESA JONES, Deputy

**Attorney for Plaintiff**
ERNEST MARTIN Jr.
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
DALLAS TX 75219
214-651-5000

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

\#

# OFFICER'S RETURN

Case No. : DC-18-07313

Court No.95th District Court

Style: Boy Scouts of America et al

vs.

The Hartford Accident and Indemnity Co., et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

\#

\#

FILED
DALLAS COUNTY
6/5/2018 3:51 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

CAUSE NO. ___DC-18-07313___

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT OF |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE HARTFORD ACCIDENT | § | |
| AND INDEMNITY CO., FIRST | § | |
| STATE INSURANCE CO. | § | |
| | § | |
| | § | |
| DEFENDANTS | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Boy Scouts of America, Connecticut Yankee Council, Spirit of Adventure Council, Aloha Council, and Cascade Pacific Council (collectively, "BSA" or "Plaintiffs") hereby file this Original Petition against Defendants The Hartford Accident and Indemnity Company and First State Insurance Co. (collectively, "Hartford" or "Defendants") and would respectfully show the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1.   Discovery in this matter is intended to be conducted under Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.   PARTIES

2.   Plaintiff BSA is a congressionally chartered organization authorized to do business in Texas, and has its headquarters at 1325 Walnut Hill Lane, Irving, Texas 75015.

3.      Plaintiff Connecticut Yankee Council is a non-profit corporation organized under the laws of the State of Connecticut, and has its headquarters at 60 Wellington Road, Milford, Connecticut 06460.

4.      Plaintiff Spirit of Adventure Council is a non-profit corporation organized under the laws of the State of Massachusetts, and has its headquarters at 600 W. Cummings Park, Suite 275, Woburn, Massachusetts 01801.

5.      Plaintiff Aloha Council is a non-profit corporation organized under the laws of the State of Hawaii, and has its headquarters at 42 Puiwa Road, Honolulu, Hawaii 96817.

6.      Plaintiff Cascade Pacific Council is a non-profit corporation organized under the laws of the State of Oregon, and has its headquarters at 2145 SW Natio Pkwy, Portland, Oregon 97201.

7.      Defendant The Hartford Accident and Indemnity Company is a corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut. Defendant Hartford Accident and Indemnity Company may be served with process by serving CT Corporation System, 1999 Bryan Street Suite 900, Dallas TX 75201-3136.

8.      Defendant First State Insurance Company is a corporation organized under the laws of the State of Delaware with its principal place of business in Massachusetts. Defendant First State Insurance Company may be served with process by serving CT Corporation System, 1999 Bryan Street Suite 900, Dallas TX 75201-3136.

### III.    JURISDICTION & VENUE

9.      The foregoing allegations are incorporated herein by reference.

10.     This Court has jurisdiction over this matter because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

11.   Plaintiff seeks monetary relief over $1,000,000.

12.   Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Dallas County at the time the cause of actions accrued.

## IV.   BACKGROUND FACTS

### A.   BSA and its Insurance Coverage Program

13.   The Boy Scouts of America is one of the nation's largest and most prominent values-based youth development organizations, with more than 2.4 million youth participants and nearly one million adult volunteers.  BSA was founded in 1910, and since then, more than 110 million Americans have been participants in BSA programs at some time.

14.   BSA operates traditional scouting by chartering local organizations, such as churches, clubs, civic associations, or educational organizations, to implement the scouting program for youth within their communities.  Units are led entirely by volunteers appointed by the chartering organization, who are supported by local councils.

15.   To insure its many activities and local councils throughout the country, BSA maintains a comprehensive, broad insurance program.  From approximately 1970 to 1988, BSA purchased several general liability and umbrella and/or excess liability insurance policies from Hartford.

### B.   The Underlying Lawsuits

16.   Over the past several years, BSA has been subject to numerous claims and lawsuits in which the plaintiffs allege they had been sexually abused while a participant in various BSA programs (the "Underlying Lawsuits").

17.     The Underlying Lawsuits allege abuse during various and multiple periods of time and in various and multiple geographic locations.

18.     The Underlying Lawsuits generally allege personal injury due to sexual abuse and allege, *inter alia*, that BSA and BSA local councils were negligent in failing to prevent the sexual abuse.

19.     The Underlying Lawsuits contain allegations that plaintiffs suffered and continue to suffer from bodily injury, including but not limited to severe and debilitating physical, mental and emotional injury, pain and suffering, physical and emotional trauma, and present psychological damage.

**C.      BSA's Coverage Dispute with Hartford Regarding the Underlying Lawsuits**

20.     Hartford issued several general liability and umbrella and/or excess liability insurance policies to BSA in the schedule attached hereto as Exhibit A (collectively, the "Hartford Policies").

21.     The Hartford primary insurance policies provide that Hartford will pay "all sums that BSA is obligated to pay as damages because of personal injury [which includes bodily injury] to which the insurance applies, caused by an occurrence."

22.     The Hartford primary insurance policies also provide that Hartford has a duty to defend BSA in any suit alleging personal injury, and any defense costs incurred do not reduce the limits of liability under the Hartford primary insurance policies.

23.     The Harford excess policies similarly provide that Hartford will indemnify BSA for all sums which BSA shall become legally obligated to pay as damages and expenses by reason of liability because of personal injury (which includes bodily injury) caused by an occurrence which takes place during the policy period anywhere in the world.

24.    The Hartford excess policies also provide that Hartford has an obligation to reimburse BSA for any defense costs in connection with any suit alleging personal injury.

25.    Several of the Underlying Lawsuits implicate coverage for years that Hartford issued insurance coverage.

26.    BSA timely provided Hartford with notice of each of the Underlying Lawsuits that implicated a Hartford Policy.

27.    Hartford has nevertheless refused and continues to refuse to satisfy its coverage obligations, including by denying coverage for both defense costs and indemnity payments associated with certain of the Underlying Lawsuits. Hartford has asserted several coverage positions to BSA to deny that it owes an obligation to pay defense and indemnity payments for the Underlying Lawsuits.

28.    First, Hartford has taken the position that all the claims for sexual abuse alleged in the multitude of Underlying Lawsuits throughout the country involving various victims are the result of a single occurrence. Hartford asserts the injuries alleged in the Underlying Lawsuits were caused by BSA's failure to warn parents and guardians that Scouts might be abused. Based on this one "occurrence" theory, Hartford contends that once a policy's per-occurrence limits are exhausted by any claim, it has no further responsibility under those policies for claims relating to sexual abuse. Hartford has taken this position despite the fact that it is contrary to its policy language and well-settled law.

29.    Second, despite issuing certain policies of insurance to BSA and despite Hartford having produced to BSA copies of said policies, Hartford has also taken the position that certain policies have no force and effect, and do not exist. The policies, however, contain declarations

pages showing policy periods and limits of insurance, as well as policy jackets showing the policy terms, conditions, and exclusions.

30.     Third, several of the Hartford Policies either do not contain aggregate limits of liability or contain aggregate limits of liability that are applicable *only* to products completed operations liability or occupational diseases of employees of BSA. Harford nevertheless contends these policies that include only aggregate limits for products completed operations or occupational disease claims also contain aggregate limits for sexual abuse claims. Despite the plain language of the policies, Hartford has taken the position that several of the policies with no aggregate limits are exhausted.

31.     Fourth, BSA renewed several of the Hartford Policies[1] so that the policies covered two, separate years. Despite the payment of substantial premiums for those renewals, Hartford has taken the position that only a single per occurrence limit of liability is available to BSA for the two-year period.

32.     Due to Hartford's failure to pay amounts owed under the Hartford Policies, BSA has incurred and will continue to incur defense costs to defend itself in the Underlying Lawsuits, and BSA has made and will continue to make indemnity payments to settle the Underlying Lawsuits, all while Hartford is obligated to provide coverage under its policies.

## V.     CAUSES OF ACTION

### COUNT ONE
### Declaratory Judgment

33.     The foregoing allegations are incorporated herein by reference.

---

[1] Hartford primary policy, No. 10-CA-43303, policy period January 1, 1972 – January 1, 1973 was renewed to extend through January 1, 1974; Hartford primary policy, No. 10-CA-43304, policy period January 1, 1972 – January 1, 1973 was renewed to extend through January 1, 1974; Hartford primary policy, No. 10-CA-43324, policy period January 1, 1974 – January 1, 1975 was renewed to extend through January 1, 1976; Hartford excess policy, No. 10-HUA-43302, policy period January 1, 1972 – January 1, 1973 was renewed to extend through January 1, 1974.

34.     BSA brings this action pursuant to TEX. CIV. PRAC. & REM. CODE §37.004.

35.     BSA seeks a declaration that each sexual abuse claim against BSA constitutes an "occurrence" under the Hartford Policies.

36.     BSA seeks a declaration that each of the Hartford Policies are in full force and effect.

37.     BSA seeks a declaration that BSA's renewal of certain Hartford Policies entitles it to separate per-occurrence limits of liability for each year covered by the relevant Hartford Policy.

38.     BSA seeks a declaration that the Hartford Policies that do not contain an aggregate limit or aggregate limits applicable only to products completed operations liability or occupational disease are not and cannot be exhausted due to the payment of loss arising from claims alleging personal injury.

39.     BSA seeks a declaration that, pursuant to the terms of the Hartford Policies, Hartford is obligated to pay and/or reimburse BSA for any ongoing defense costs incurred on those Underlying Lawsuits that are pending.

40.     An actual and justiciable controversy exists between BSA and Hartford regarding the rights and obligations of BSA and Hartford and Hartford's obligations under the Hartford Policies, and a judicial declaration is necessary to determine BSA's rights and Hartford's duties under the Hartford Policies.

## COUNT TWO
## Breach of Contract

41.     The foregoing allegations are incorporated herein by reference.

42.     The Hartford Policies are valid and enforceable contracts.

43.     BSA has standing to pursue claims under the Hartford Policies.

44. BSA has satisfied all conditions precedent under the Hartford Policies.

45. The Underlying Lawsuits allege bodily injury/personal injury occurring in whole or in part during the periods of the Hartford Policies.

46. The terms of the Hartford Policies unambiguously require Hartford to defend and indemnify BSA in the Underlying Lawsuits.

47. Alternatively, the terms of the Hartford Policies are ambiguous and must be construed in favor of coverage for BSA.

48. Hartford has breached its contractual obligations under the Hartford Policies by, among other things, refusing and failing to: (a) defend BSA and/or reimburse BSA for defense costs it has incurred defending itself against the Underlying Lawsuits; and (b) indemnify BSA for those settlement payments it has incurred for the Underlying Lawsuits in accordance with the express terms of the Hartford Policies.

49. As a result of Hartford's breach, BSA has sustained substantial damages.

## COUNT THREE
### Violations of Chapter 542 of the TEXAS INSURANCE CODE

50. The foregoing allegations are incorporated herein by reference.

51. BSA's claim for coverage includes a first-party claim.

52. Hartford's delays and/or denials of coverage violate the Prompt Payment of Claims statute in Chapter 542 of the Texas Insurance Code.

53. Chapter 542 provides that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim,. . . the insurer shall pay damages and other items as provided by Section 542.060." TEX. INS. CODE § 542.058.

54.     Hartford has received all items, statements and forms reasonably requested and required under Section 542.055 or, alternatively, in light of Hartford's denial of coverage, BSA was not required to submit such items, statements and forms.

55.     Hartford has nonetheless refused to pay amounts that are clearly covered under the Hartford Policies.

56.     In refusing, failing and delaying payment of BSA's defense costs in connection with the Underlying Lawsuits, Hartford has violated Chapter 542 of the Texas Insurance Code.

57.     As a consequence of its statutory violation, Hartford is liable to pay BSA, in addition to the amount of its insurance claim, interest on the amount of its claim at the rate of 18 percent per annum, together with reasonable attorneys' fees.     *See* TEX. INS. CODE Sec. 542.060.

## COUNT FOUR
### Attorneys' Fees

58.     The foregoing allegations are incorporated herein by reference.

59.     Due to the actions of the Hartford, BSA has been required to retain the services of the law firm of Haynes and Boone, LLP of Dallas, Texas. BSA has agreed to pay Haynes and Boone, LLP a reasonable fee for its services necessarily rendered and to be rendered in this action.

60.     Pursuant to §§ 37.009 and 38.001 of the Texas Civil Practices & Remedies Code and Chapters 541 and 542 of the Texas Insurance Code, BSA is entitled to an award of reasonable attorneys' fees against Hartford in an amount to be established at trial.

## NOTICE OF INTENT TO PURSUE CLAIM UNDER
## CHAPTER 541 OF THE TEXAS INSURANCE CODE

61.     The foregoing allegations are incorporated herein by reference.

62.    Pursuant to § 541.154 of the Texas Insurance Code, BSA hereby provides notice of its intent to pursue a claim against Hartford under § 541.151 of the Texas Insurance Code by amending this suit after 60 days.

63.    By, among other things, taking positions as outlined in ¶¶ 29-31, Hartford has engaged in unfair or deceptive acts or practices as defined by Section 541.061 of the Texas Insurance Code. Hartford has violated Section 541.061 of the Texas Insurance Code by making misrepresentations of the insurance policy through one or more of the following acts: (1) making untrue statements of material fact, (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, (3) making a statement in a manner that would mislead a reasonably prudent person to the false conclusion of material fact, and (4) making a material misstatement of law.

64.    By, among other things, taking positions as outlined in ¶¶ 29-31, Hartford has violated Section 541.060(1) of the Texas Insurance Code by misrepresenting a material fact or policy provision relating to coverage at issue.

65.    Hartford has violated Section 541.060(2) of the Texas Insurance Code by refusing coverage for the Underlying Lawsuits when its liability was reasonably clear.

66.    Hartford has violated Section 541.060(3) of the Texas Insurance Code by denying coverage for the Underlying Lawsuits without providing any factual or legal basis for such an assertion.

67.    Hartford has violated Section 541.060(7) of the Texas Insurance Code by refusing coverage for the Underlying Lawsuits without conducting a reasonable investigation with respect to the Underlying Lawsuits.

68.     As a result of Hartford's conduct, BSA has suffered substantial damages in an amount not less than $13.5 million, as well as attorneys' fees in an amount not less than $100,000.

69.     Hartford knowingly committed one or more of the violations referenced above and thus BSA seeks, in addition to actual damages, court costs, and attorneys' fees, an amount not to exceed three times the amount of actual damages.

## VI.     JURY DEMAND

70.     BSA hereby requests a jury trial pursuant to Tex. R. Civ. P. 216(a).

## VII.    PRAYER

WHEREFORE, BSA respectfully prays that this Court grant it the following relief:

a.     Declaratory Judgment that each sexual abuse claim against BSA constitutes an "occurrence" under the Hartford Policies;

b.     Declaratory Judgment that each of the Hartford Policies are in full force and effect;

c.     Declaratory Judgment that each Hartford Policy has a separate per-occurrence limit of liability available for each policy period;

d.     Declaratory Judgment that the Hartford Policies that do not contain an aggregate limit or aggregate limits applicable only to products completed operations liability or occupational disease are not and cannot be exhausted due to the payment of loss arising from claims alleging personal injury;

e.     Declaratory Judgment that Hartford is obligated to pay and/or reimburse BSA for any defense costs incurred on those Underlying Lawsuits that are ongoing pursuant to the terms of the Hartford Policies;

f.     Judgment awarding BSA all damages sustained as a result of Hartford's breach of contract;

g.     Judgment awarding BSA actual and treble damages resulting from Hartford's violations of Chapters 541 and/or 542 of the Texas Insurance Code;

h.     Judgment awarding BSA all reasonable and necessary attorneys' fees and expenses incurred in this matter against Hartford under Chapter 37 of the Texas

Civil Practice & Remedies, Chapter 38 of the Texas Civil Practice & Remedies Code, Chapter 542, and/or Chapters 541 of the Texas Insurance Code;

i.    Judgment awarding BSA pre-judgment and post-judgment interest as allowed by law;

j.    Judgment awarding BSA all costs of court; and

k.    Any and all other relief to which BSA may be entitled.

Respectfully submitted,

/s/ *Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Telecopier:    (214) 651-5940

Adrian Azer*
**pro hac vice application pending*

ATTORNEYS FOR PLAINTIFFS BOY SCOUTS OF AMERICA, CONNECTICUT YANKEE COUNCIL, SPIRIT OF ADVENTURE COUNCIL, ALOHA COUNCIL, CASCADE PACIFIC COUNCIL

Case 3:19-cv-01318-B   Document 1-2   Filed 05/31/19   Page 17 of 17   PageID 27

**Exhibit A**
**The Hartford Policies**

| Insurer | Policy No. | Effective Dates |
|---|---|---|
| **1971-72** | | |
| The Hartford Accident and Indemnity Co. | 10CA43315 (primary) | 09/01/1972 - 01/01/1972 |
| The Hartford Accident and Indemnity Co. | 10HUA43300 (excess) | 05/01/1971 - 05/01/1972 |
| **1972-73** | | |
| The Hartford Accident and Indemnity Co. | 10CA43303 (primary) | 01/01/1972 - 01/01/1973 (extended an additional year) |
| The Hartford Accident and Indemnity Co. | 10CA43304 (primary) | 01/01/1972 - 01/01/1973 (extended an additional year) |
| The Hartford Accident and Indemnity Co. | 10HUA43301 (excess) | 01/01/1972 - 01/01/1973 |
| The Hartford Accident and Indemnity Co. | 10HUA43302 (excess) | 01/01/1972 - 01/01/1973 (extended an additional year) |
| The Hartford Accident and Indemnity Co. | 10HUA43303 (excess) | 05/01/1972 - 05/01/1973 (extended an additional year) |
| **1973-74** | | |
| The Hartford Accident and Indemnity Co. | 10CA43303 (primary) | 01/01/1973 - 01/01/1974 |
| The Hartford Accident and Indemnity Co. | 10CA43304 (primary) | 01/01/1973 - 01/01/1974 |
| The Hartford Accident and Indemnity Co. | 10HUA43302 (excess) | 01/01/1973 - 01/01/1974 |
| The Hartford Accident and Indemnity Co. | 10HUA43303 (excess) | 05/01/1973 - 05/01/1974 |
| **1974-75** | | |
| The Hartford Accident and Indemnity Co. | 10CA43329 (primary) | 01/01/1974 - 01/01/1975 |
| The Hartford Accident and Indemnity Co. | 10CA43324 (primary) | 01/01/1974 - 01/01/1975 |
| The Hartford Accident and Indemnity Co. | 10HUA43331 (excess) | 01/01/1974 - 01/01/1975 |
| The Hartford Accident and Indemnity Co. | 10HUA43335 (excess) | 05/01/1974 - 05/01/1975 |
| **1975-76** | | |
| The Hartford Accident and Indemnity Co. | 10CA43342E (primary) | 01/01/1975 - 01/01/1976 |
| **1978-79** | | |
| First State Insurance Co. | 908954 (excess) | 01/01/1978 – 01/01/1979 |
| **1979-80** | | |
| First State Insurance Co. | 927616 (excess) | 01/01/1979 – 01/01/1980 |

PLAINTIFFS' ORIGINAL PETITION                    EXHIBIT A              Page 13