# EXHIBIT B

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT OF |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE HARTFORD ACCIDENT | § | |
| AND INDEMNITY CO., FIRST | § | |
| STATE INSURANCE CO. | § | |
| | § | |
|   Defendants. | § | 95TH JUDICIAL DISTRICT |

**PLAINTIFF CONNECTICUT YANKEE COUNCIL'S RESPONSES TO DEFENDANTS HARTFORD ACCIDENT AND INDEMNITY COMPANY AND FIRST STATE INSURANCE COMPANY'S SECOND SET OF INTERROGATORIES**

To: Defendant The Hartford Accident and Indemnity Co. and First State Insurance Co., by and through its attorney(s), Todd M. Tippett and Victoria Vish, 901 Main Street, Suite 4000, Dallas, TX 75202-3000

  Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff Connecticut Yankee Council ("Connecticut" or "Plaintiff") hereby serves the following Objections and Responses to Defendants The Hartford Accident and Indemnity Co. and First State Insurance Co.'s (collectively, "Hartford") Second Set of Interrogatories as follows:

**<u>GENERAL OBJECTIONS</u>**

  Connecticut responds to each and every interrogatory subject to the general objections set forth below.  These objections are part of the answer to each and every interrogatory, and are set forth herein to avoid the duplication and repetition of restating them in each answer.  Certain of these general objections may be specifically referred to or restated in response to specific

interrogatories for the purpose of emphasis. However, the failure to specifically incorporate a general objection shall not be construed as a waiver of the general objection:

1.      Connecticut objects to the terms "any," "all," and "each" used in certain of Hartford's interrogatories. Connecticut will respond only to the extent the information requested is relevant and not unduly burdensome to provide.

2.      Connecticut objects to the interrogatories to the extent that any instruction, definition, or interrogatory attempts to expand Connecticut's obligations under the Texas Rules of Civil Procedure ("the Civil Rules") and the Local Rules for the District Court of Dallas County ("the Local Rules"), or any other applicable legal authority.

3.      Connecticut objects to the interrogatories to the extent that they are not restricted to Connecticut's claims for coverage of the Underlying Lawsuits, as that term is defined in Plaintiffs' Original Petition, Cause No. DC-18-07313, filed in the District Court of Dallas County, Texas; to the extent that the interrogatories seek information beyond the Underlying Lawsuits, the interrogatories are not limited to matters that are reasonably likely to lead to the discovery of admissible evidence.

4.      Connecticut objects to the interrogatories to the extent that they are unduly burdensome and/or would cause unreasonable annoyance, expense, embarrassment, disadvantage, or oppression, within the meaning of the Civil Rules and the Local Rules.

5.      Connecticut objects to the interrogatories to the extent that they seek the disclosure of information and/or documents that are protected from disclosure by the attorney- client privilege, the attorney work product doctrine, the joint-defense privilege, settlement negotiation confidentiality under the Civil Rules and the Local Rules, or similar authority, or any other applicable privilege or protection. With respect to any information or documents protected by any

of the above privileges and protection, Connecticut's production is conditioned upon Hartford's agreement that any accidental or involuntary production of any such privileged or protected information or documents shall not constitute a waiver of any privilege with respect to the information contained therein.

6.      Connecticut objects to the interrogatories to the extent that they seek the disclosure of information and documents that are subject to protective orders, confidentiality agreements, or other confidentiality restrictions.

7.      Connecticut objects to the interrogatories to the extent that they seek the disclosure of information and documents that constitute or contain Connecticut's trade secrets or other proprietary information, the disclosure of which could cause harm to Connecticut.

8.      Connecticut objects to the interrogatories to the extent they seek to obtain from Connecticut, or to impose a duty upon Connecticut to obtain, information that is not in Connecticut's possession, custody, or control; is more properly obtained from third persons; is already in the possession of Hartford; or is equally accessible to Hartford and/or the public.

9.      Connecticut objects to the interrogatories to the extent that they seek the disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Connecticut objects to the interrogatories to the extent that they are duplicative of other discovery requests.

11.     Connecticut objects to the interrogatories to the extent that they are premised on incorrect factual or legal assumptions.

12.     Connecticut objects to the interrogatories to the extent that they require Connecticut to make a legal conclusion or to state legal theories or reasoning.

13.     Connecticut objects to the interrogatories to the extent that they call for Connecticut to interpret provisions of any policy, settlement agreement, or other contract.

14.     Connecticut objects to the interrogatories to the extent that, taken together and including sub-parts, they exceed the maximum number of interrogatories permitted by the Civil Rules and the Local Rules.

15.     Connecticut objects to the interrogatories as premature insofar as the interrogatories address subjects that are appropriately the subject of expert testimony.

16.     Connecticut has conducted and continues to conduct a reasonable and diligent investigation in responding to the interrogatories.  Thus, Connecticut's responses are based only on such information and documents presently available to Connecticut.  Connecticut reserves the right to supplement its responses as more information becomes available.

17.     Where, in a response, Connecticut states that its responses are subject to and without waiving objections, it means that a reasonable effort will be made to understand and respond to the interrogatory by providing relevant information without producing or disclosing information that is privileged or that is subject to some other protection or objection.

18.     Connecticut's responses are solely to discovery requests promulgated in this action and should not be construed as a concession of admissibility, including relevance, of any information or documents at trial in this action.  Connecticut reserves the right to seek exclusion of any response at trial and reserves all evidentiary objections, including without limitation, objections as to relevance.

19.     Connecticut's response to any of the interrogatories does not constitute a waiver of the right to object to any future, additional, or supplemental interrogatories concerning the same or similar subject matter.

20.     To the extent Connecticut states that it will provide documents in response to these interrogatories, Connecticut either will transmit the documents to Hartford and/or make them available at a time, place, and manner to be agreed upon between the parties, subject to the entry of a protective order.

21.     All responses set forth below are subject to and without waiver of any of the foregoing general objections, the below objections to specific definitions, and the other more specific objections set forth below.  Connecticut will not, in every instance, repeat or specifically incorporate these objections although they are intended to apply to all of its responses.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Connecticut objects to the definition of "Abuse" as calling for a legal conclusion and to the extent it seeks to alter or amend that term as used in insurance policies issued by Hartford to Connecticut.

2.     Connecticut objects to the definition of "Abuse Lawsuits" as overly broad and unduly burdensome.  Connecticut is only asserting claims against Hartford for the Underlying Lawsuits where Hartford owes coverage.  "Abuse Lawsuits" would include any and all such suits against Connecticut, regardless of whether Hartford owes Connecticut coverage for such claims.

3.     Connecticut objects to the definition of "Claim" to the extent it seeks to alter or amend that term as used in insurance policies issued by Hartford to Connecticut.

4.     Connecticut objects to the definition of "Connecticut Council Claim" to the extent it relies on the definition of "Claim."

5.     Connecticut objects to the definition of "Defense Costs" to the extent it seeks to alter or amend that term as used in insurance policies issued by Hartford to Connecticut and to the extent it relies on the definitions of "Abuse," "Claim," and "Abuse Lawsuits."

6.      Connecticut objects to the definition of "Indemnity Costs" to the extent it seeks to alter or amend that term as used in insurance policies issued by Hartford to Connecticut and to the extent it relies on the definitions of "Abuse," "Claim," and "Abuse Lawsuits."

7.      Connecticut objects to each and every Instruction to the extent it seeks to impose any obligation on Connecticut beyond the obligations imposed by the Civil Rules and the Local Rules.

8.      Connecticut objects to Instruction No. 1 as overly broad and unduly burdensome and to the extent it seeks to impose an obligation on Connecticut to produce information, documents or communications that are subject to the attorney-client privilege, the attorney work product doctrine, and any other rule of privilege or confidentiality.

9.      Connecticut objects to Instruction No. 5 as overly broad and unduly burdensome and to the extent it seeks to impose an obligation on Connecticut beyond what is required by the Civil Rules and the Local Rules.

10.      Connecticut objects to Instruction No. 6 as overly broad and unduly burdensome and to the extent it seeks to impose an obligation on Connecticut beyond what is required by the Civil Rules and the Local Rules.

11.      Connecticut objects to Instruction No. 7 as overly broad and unduly burdensome and to the extent it seeks to impose an obligation on Connecticut beyond what is required by the Civil Rules and the Local Rules.

12.      Connecticut objects to Instruction No. 8 as overly broad and unduly burdensome and to the extent it seeks to impose an obligation on Connecticut beyond what is required by the Civil Rules and the Local Rules.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Connecticut Council Claim, state the amount of Defense Costs that Connecticut Council has paid or has reimbursed BSA.

**ANSWER:**

Connecticut objects to Interrogatory No. 1 on the grounds set forth in its General Objections and Objections to Definitions and Instructions, and on the grounds that it is overly broad and unduly burdensome. Connecticut further objects to this Interrogatory on the grounds that it is premised on incorrect factual and legal assumptions.

At this time, Connecticut is not aware of BSA seeking payment or reimbursement from Connecticut for defense costs. However, Connecticut's investigation is ongoing. Therefore, subject to and without waiving any of the foregoing objections, Connecticut reserves the right to supplement this Interrogatory in the event that Connecticut locates relevant, responsive, and non-privileged information sought by this Interrogatory.

**INTERROGATORY NO. 2:**

For each Connecticut Council Claim, state the amount of Indemnity Costs that Connecticut Council has paid or has reimbursed BSA.

**ANSWER:**

Connecticut objects to Interrogatory No. 2 on the grounds set forth in its General Objections and Objections to Definitions and Instructions, and on the grounds that it is overly broad and unduly burdensome. Connecticut further objects to this Interrogatory on the grounds that it is premised on incorrect factual and legal assumptions.

At this time, Connecticut is not aware of BSA seeking payment or reimbursement from Connecticut for indemnity costs.  However, Connecticut's investigation is ongoing.  Therefore, subject to and without waiving any of the foregoing objections, Connecticut reserves the right to supplement this Interrogatory in the event that Connecticut locates relevant, responsive, and non-privileged information sought by this Interrogatory.

**INTERROGATORY NO. 3:**

For each Connecticut Council Claim, state the amount of Defense Costs that BSA has demanded that Connecticut Council reimburse BSA.

**ANSWER:**

Connecticut objects to Interrogatory No. 3 on the grounds set forth in its General Objections and Objections to Definitions and Instructions, and on the grounds that it is overly broad and unduly burdensome.  Connecticut further objects to this Interrogatory on the grounds that it is premised on incorrect factual and legal assumptions.

At this time, Connecticut is not aware of BSA demanding reimbursement from Connecticut for defense costs.  However, Connecticut's investigation is ongoing.  Therefore, subject to and without waiving any of the foregoing objections, Connecticut reserves the right to supplement this Interrogatory in the event that Connecticut locates relevant, responsive, and non-privileged information sought by this Interrogatory.

**INTERROGATORY NO. 4:**

For each Connecticut Council Claim, state the amount of Indemnity Costs that BSA has demanded that Connecticut Council reimburse BSA.

**ANSWER:**

Connecticut objects to Interrogatory No. 4 on the grounds set forth in its General Objections and Objections to Definitions and Instructions, and on the grounds that it is overly broad and unduly burdensome. Connecticut further objects to this Interrogatory on the grounds that it is premised on incorrect factual and legal assumptions.

At this time, Connecticut is not aware of BSA demanding reimbursement from Connecticut for indemnity costs. However, Connecticut's investigation is ongoing. Therefore, subject to and without waiving any of the foregoing objections, Connecticut reserves the right to supplement this Interrogatory in the event that Connecticut locates relevant, responsive, and non-privileged information sought by this Interrogatory.

**INTERROGATORY NO. 5:**

For each Connecticut Council Claim, state the date on which Connecticut Council first learned of the Claim.

**ANSWER:**

Connecticut objects to Interrogatory No. 5 on the grounds set forth in its General Objections and Objections to Definitions and Instructions, and on the grounds that it is vague, ambiguous, overly broad, unduly burdensome.

Subject to and without waiving any of the foregoing objections, Connecticut will amend the BSA-Hartford Claimant Chart to include the relevant, responsive, and non-privileged information sought by this Interrogatory, to the extent available.

**INTERROGATORY NO. 6:**

For each Connecticut Council Claim, state the date on which Connecticut Council first provided notice to Hartford.

**ANSWER:**

Connecticut objects to Interrogatory No. 6 on the grounds set forth in its General Objections and Objections to Definitions and Instructions, and on the grounds that it is overly broad and unduly burdensome.  Connecticut also objects to Interrogatory No. 6 on the grounds that Connecticut was not obligated to provide Hartford with notice given Hartford's improper position on the exhaustion of the policies at issue.

Subject to and without waiving any of the foregoing objections, Connecticut will amend the BSA-Hartford Claimant Chart to include the relevant, responsive, and non-privileged information sought by this Interrogatory, to the extent available.  By providing this information, Connecticut does not waive or accede to the contention that Connecticut was required to provide notice to Hartford.

**INTERROGATORY NO. 7:**

For each Connecticut Council Claim, state in detail all measures that Connecticut Council took to permit Hartford to participate in the defense and resolution of that Claim.

**ANSWER:**

Connecticut objects to Interrogatory No. 7 on the grounds set forth in its General Objections and Objections to Definitions and Instructions, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome because it is not clear to what "all measures" refers.  Connecticut further objects to Interrogatory No. 7 to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Connecticut also objects to Interrogatory No. 7 to the extent it seeks disclosure of trade secrets or other confidential, proprietary and/or sensitive business information and to the extent it

seeks information that is subject to the attorney-client privilege, attorney work product doctrine or any other applicable legal protection or rule of confidentiality.

Connecticut further objects to Interrogatory No. 7 as calling for an improper legal conclusion. Hartford did not have the right to participate in the defense and resolution of the claims given Hartford's improper position on the exhaustion of the policies at issue.

## INTERROGATORY NO. 8:

For each Connecticut Council Claim that has been resolved through settlement, state in detail all measures that Connecticut Council took to obtain Hartford's consent to such settlement, including the dates of any request for consent.

## ANSWER:

Connecticut objects to Interrogatory No. 8 on the grounds set forth in its General Objections and Objections to Definitions and Instructions, on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome because it is not clear to what "all measures" refers. Connecticut further objects to Interrogatory No. 8 to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Connecticut also objects to Interrogatory No. 8 to the extent it seeks disclosure of trade secrets or other confidential, proprietary and/or sensitive business information and to the extent it seeks information that is subject to the attorney-client privilege, attorney work product doctrine or any other applicable legal protection or rule of confidentiality.

Connecticut further objects to Interrogatory No. 8 as calling for an improper legal conclusion. Hartford did not have the right to consent to the settlement of the claims given Hartford's improper position on the exhaustion of the policies at issue.

Respectfully submitted,


/s/ *Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Adrian Azer
State Bar No. 24048332
adrian.azer@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:     (214) 651-5000
Telecopier:    (214) 651-5940


ATTORNEYS FOR PLAINTIFFS BOY SCOUTS
OF AMERICA, CONNECTICUT YANKEE
COUNCIL, SPIRIT OF ADVENTURE COUNCIL,
ALOHA COUNCIL, CASCADE PACIFIC
COUNCIL

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was electronically served on all counsel of record, on the 8th day of May, 2019, in accordance with the Texas Rules of Civil Procedure.

Todd M. Tippett     ttippett@zelle.com
Victoria L. Vish     vvish@zelle.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

/s/ *Ernest Martin, Jr.*
Ernest Martin, Jr.

## VERIFICATION

STATE OF TEXAS            §
                          §
COUNTY OF DALLAS          §

     BEFORE ME, the undersigned authority, on this day personally appeared, Charles Flowers, an authorized representative of Connecticut Yankee Council, known by me and who, being by me duly sworn, by me, states upon oath that he has read the above and foregoing Answers to Defendants Hartford Accident and Indemnity Company and First State Insurance Company's Second Set of Interrogatories.

     He further states upon oath that all of the facts set forth in the foregoing interrogatory answers are true and correct within his own knowledge or based upon the business records of Boy Scouts of America, which he believes to be true and correct.

_____

SUBSCRIBED AND SWORN TO BEFORE ME, on this _____ day of May 2019.

_____
Notary Public Signature

(PERSONALIZED SEAL)