# EXHIBIT D

*Boy Scouts of America, et al.*
*v.*
*The Hartford Accident and Indemnity Co., et al.*
Case No. DC-18-07313

**Exhibit D Index**

| Tab | Date | Description |
|---|---|---|
| 1. | | Docket |
| 2. | 2018.06.05 | Petition |
| 3. | 2018.06.05 | Civil Cover Sheet |
| 4. | 2018.06.19 | Citation First State Insurance Company |
| 5. | 2018.06.19 | Citation Hartford Accident and Indemnity Compnay |
| 6. | 2018.07.05 | Citation First State Insurance Company- reissued |
| 7. | 2018.07.09 | Hartford Answer to Petition |
| 8. | 2018.08.04 | Order regarding J. Ruggeri *pro hac vice* |
| 9. | 2018.08.04 | Order regarding A. Williams *pro hac vice* |
| 10. | 2018.08.04 | Order regarding J. Weinberg *pro hac vice* |
| 11. | 2018.10.08 | Protective Order |
| 12. | 2018.10.09 | Scheduling Order |
| 13. | 2019.04.10 | Jury Trial Notice |
| 14. | 2019.04.10 | Scheduling Order |

# TAB 1

## Case Information

DC-18-07313 | Boy Scouts of America et al vs. The Hartford Accident and Indemnity Co., et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-18-07313 | 95th District Court | EVANS, DAVID |
| File Date | Case Type | Case Status |
| 06/05/2018 | INSURANCE | OPEN |

## Party

PLAINTIFF
Boy Scouts of America

Address
1325 WALNUT HILL LANE
IRVING TX 75015

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST
Retained

PLAINTIFF
Connecticut Yankee Council

Address
60 WELLINGTON ROAD
MILFORD CT 75219

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST
Retained

PLAINTIFF
Spirit of Adventure Council

Address
600 W CUMMINGS PARK SUITE 275
WOBURN MA 01801

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST
Retained

PLAINTIFF
Aloha Council

Address

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST

Case 3:09-cv-01318-B   Document 1-5   Filed 05/31/19   Page 5 of 82   PageID 51

420 IWAENA PL
HONOLULU HI 96817

PLAINTIFF
Cascade Pacific Council

Address
2145 SW NATIO PKWY
PORTLAND OR 97201

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST
Retained

DEFENDANT
The Hartford Accident and Indemnity Co.,

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

Active Attorneys ▾
Lead Attorney
TIPPETT, TODD M
Retained

DEFENDANT
FIRST STATE INSURANCE CO

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
67 BURNSIDE AVE
EAST HARTFORD CT 06108-3408

Active Attorneys ▾
Lead Attorney
TIPPETT, TODD M
Retained

## Events and Hearings

06/05/2018 NEW CASE FILED (OCA) - CIVIL

06/05/2018 ORIGINAL PETITION ▾

BSA - Texas Action-Hartford w exh.pdf

06/05/2018 CASE FILING COVER SHEET ▾

BSA Civil Cover Sheet.pdf

06/08/2018 NOTE - ADMINISTRATOR ▾

Comment
Set for initial dismissal: August 9, 2018. Notice faxed to counsel.

06/08/2018 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING / FIAT

Comment
DWOP AUG 9, 2018 @ 9AM

06/13/2018 REQUEST FOR SERVICE ▾

REQUEST

06/14/2018 ISSUE CITATION

06/15/2018 CITATION ISSUED ▾

DC18-07313 FSI.pdf

DC18-07313 HA.pdf

06/15/2018 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
06/19/2018
Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
06/19/2018
Comment
2CIT ESERVE 25318079 ernestmartin@haynesboone.com/TJ.

06/19/2018 RETURN OF SERVICE ▾

CITATION FIRST STATE INSURANCE CO

Comment
CITATION FIRST STATE INSURANCE CO

06/19/2018 RETURN OF SERVICE ▾

Comment
CITATION THE HARTFORD ACCIDENT AND INDEMNITY CO

06/29/2018 REQUEST FOR SERVICE ▾

Letter to Issue Citation.pdf

06/29/2018 ISSUE CITATION

07/02/2018 CITATION ISSUED ▾

DC-18-07313.pdf

07/02/2018 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method

07/03/2018 ISSUE CITATION ▾

Comment
REISSUE

07/03/2018 CITATION ISSUED ▾

DC-18-07313.pdf

07/03/2018 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
07/05/2018

07/05/2018 RETURN OF SERVICE ▾

CITATION FIRST STATE INSURANCE CO

Comment
CITATION FIRST STATE INSURANCE CO

07/09/2018 ORIGINAL ANSWER - GENERAL DENIAL ▾

BSA - Answer and Special Exceptions.pdf

AND SPECIAL EXCEPTIONS.

07/26/2018 NOTE - ADMINISTRATOR ▾

>   Comment
>   Dismissal hearing canceled. Answer filed.

07/30/2018 MOTION - PRO HAC VICE ▾

BSA - Unopposed Motion to Appear Pro Hac Vice (Ruggeri).pdf

>   Comment
>   UNOPPOSED MOTION TO APPEAR PRO HAC VICE

07/30/2018 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

BSA - (Proposed) Order Allowing Admission Pro Hac Vice (Ruggeri).pdf

>   Comment
>   ORDER ALLOWING ADMISSION PRO HAC VICE OF JAMES RUGGERI

07/30/2018 MOTION - PRO HAC VICE ▾

BSA - Unopposed Motion to Appear Pro Hac Vice (Williams).pdf

>   Comment
>   UNOPPOSED MOTION TO APPEAR PRO HAC VICE

07/30/2018 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

BSA - (Proposed) Order Allowing Admission Pro Hac Vice (Williams).pdf

>   Comment
>   ORDER ALLOWING ADMISSION PRO HAC VICE OF ABIGAIL WILLIAMS

07/30/2018 MOTION - PRO HAC VICE ▾

BSA - - Unopposed Motion to Appear Pro Hac Vice (Weinberg).pdf

>   Comment
>   UNOPPOSED MOTION TO APPEAR PRO HAC VICE

07/30/2018 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

BSA - (Proposed) Order Allowing Admission Pro Hac Vice (Weinberg).pdf

>   Comment
>   ORDER ALLOWING ADMISSION PRO HAC VICE OF JOSHUA WEINBERG

08/04/2018 ORDER - GRANTING PRO HAC VICE ▾

ORDER - GRANTING PRO HAC VICE

JAMES RUGGERI

08/04/2018 ORDER - GRANTING PRO HAC VICE ▾

ORDER - GRANTING PRO HAC VICE

Comment
ABIGAIL WILLIAMS

08/04/2018 ORDER - GRANTING PRO HAC VICE ▾

ORDER - GRANTING PRO HAC VICE

Comment
JOSHUA WEINBERG

08/06/2018 NOTE - ADMINISTRATOR ▾

Comment
to clerk: 3 orders - all signed 8/4/2018.

08/09/2018 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
MOLBERG, KEN

Hearing Time
9:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

10/08/2018 MOTION - PROTECT ▾

Agreed Confidentiality and Protective Order.pdf

Motion to Enter Agreed Protective Order.pdf

Comment
AND CONFIDENTIALITY

10/09/2018 NOTE - ADMINISTRATOR ▾

Comment
to clerk: Order-signed 10/9/2018.

10/09/2018 TRIAL SETTING (NON JURY) ▾

Comment
Set for Trial: May 6, 2019. Notice mailed to all counsel.

10/09/2018 ORDER - PROTECT ▾

Case 3:19-cv-01318-B    Document 1-5    Filed 05/31/19    Page 10 of 82    PageID 56

10/09/2018 NOTE - ADMINISTRATOR ▾

Comment
To clerk: Scheduling Order-dated October 9, 2018-copy mailed to all counsel.

10/09/2018 SCHEDULING ORDER ▾

SCHEDULING ORDER

Comment
LEVEL 2 DISCOVERY

10/16/2018 JURY DEMAND ▾

2018-10-16 Clerk.pdf

01/11/2019 MOTION - SUMMARY JUDGMENT ▾

MOTION - SUMMARY JUDGMENT

02/01/2019 NOTICE OF HEARING / FIAT ▾

BSA Notice of Hearing on MSJ.pdf

Comment
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

02/19/2019 OBJECTION ▾

Defs' Opp to Pltfs' Mot for Declaration.pdf

Comment
Defs' Opp to Pltfs' Mot for Declaration

02/20/2019 NOTE - CLERKS ▾

Comment
-COURTESY COPY- PLAINTIFF'S MSJ, NOTICE OF HEARING, DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR DECLARATION, ETC

02/22/2019 RESPONSE ▾

BSA -- Reply in Support of BSA's MSJ.pdf

Comment
PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT FOR A
DECLARATION THAT THE ALLEGED SEXUAL ABUSE OF EACH VICTIM CONSTITUTES A
SEPARATE OCCURRENCE UNDER THE HARTFORD POLICIES

02/27/2019 MISCELLANOUS EVENT ▾

Comment
STIPULATION REGARDING PROPOSED SCHEDULING ORDER

02/27/2019 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

BSA - Proposed Order re Stipulation re Sched. Order.pdf

Comment
SCHEDULING ORDER

04/10/2019 TRIAL SETTING (JURY) ▾

Comment
Trial re-set: April 13, 2020. Notice mailed to counsel.

04/10/2019 NOTE - ADMINISTRATOR ▾

Comment
to clerk: order - signed 4/10/2019-copy mailed to all.

04/10/2019 ORDER - MISC. ▾

ORDER - MISC.

Comment
ORDER ON STIPULATION REGARDING PROPOSED SCHEDULING ORDER

04/11/2019 NOTICE OF HEARING / FIAT ▾

BSA - Notice of Hearing.pdf

Comment
MOTION SUMMARY JUDGMENT 06/28/19 8:30 AM

06/28/2019 Motion - Summary Judgment ▾

MOTION - SUMMARY JUDGMENT

Judicial Officer(s)
EVANS, DAVID, EVANS, DAVID

Hearing Time
8:30 AM

Comment
SET BY KARLA 214-651-5305, SET FOR 1H, EMAIL CC

02/19/2020 Motion - Summary Judgment ▾

Judicial Officer
EVANS, DAVID

Hearing Time
8:30 AM

REQUESTED BY ATTORNEY/PRO SE

Comment
30M MSJ CARLA GREEN 214/651-5305

04/13/2020 Jury Trial - Civil ▾

95TH JURY TRIAL NOTICE I

Judicial Officer
EVANS, DAVID

Hearing Time
8:30 AM

## Financial

Boy Scouts of America

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $356.00 |
| Total Payments and Credits | | | | $356.00 |
| 6/6/2018 | Transaction Assessment | | | $292.00 |
| 6/6/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 36029-2018-DCLK | Boy Scouts of America | ($292.00) |
| 6/13/2018 | Transaction Assessment | | | $16.00 |
| 6/13/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 37924-2018-DCLK | Boy Scouts of America | ($16.00) |
| 6/29/2018 | Transaction Assessment | | | $8.00 |
| 6/29/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 41850-2018-DCLK | Boy Scouts of America | ($8.00) |
| 10/16/2018 | Transaction Assessment | | | $40.00 |
| 10/16/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 68783-2018-DCLK | Boy Scouts of America | ($40.00) |

## Documents

BSA - Texas Action-Hartford w exh.pdf

BSA Civil Cover Sheet.pdf

REQUEST

DC18-07313 FSI.pdf

DC18-07313 HA.pdf

CITATION FIRST STATE INSURANCE CO

CITATION THE HARTFORD ACCIDENT AND INDEMNITY CO

Letter to Issue Citation.pdf

DC-18-07313.pdf

DC-18-07313.pdf

BSA - Answer and Special Exceptions.pdf

CITATION FIRST STATE INSURANCE CO

BSA - Unopposed Motion to Appear Pro Hac Vice (Ruggeri).pdf

BSA - (Proposed) Order Allowing Admission Pro Hac Vice (Ruggeri).pdf

BSA - Unopposed Motion to Appear Pro Hac Vice (Williams).pdf

BSA - (Proposed) Order Allowing Admission Pro Hac Vice (Williams).pdf

BSA - - Unopposed Motion to Appear Pro Hac Vice (Weinberg).pdf

BSA - (Proposed) Order Allowing Admission Pro Hac Vice (Weinberg).pdf

NOTICE OF HEARING / FIAT

ORDER - GRANTING PRO HAC VICE

ORDER - GRANTING PRO HAC VICE

ORDER - GRANTING PRO HAC VICE

Agreed Confidentiality and Protective Order.pdf

Motion to Enter Agreed Protective Order.pdf

ORDER - PROTECT

SCHEDULING ORDER

2018-10-16 Clerk.pdf

MOTION - SUMMARY JUDGMENT

BSA Notice of Hearing on MSJ.pdf

Defs' Opp to Pltfs' Mot for Declaration.pdf

BSA -- Reply in Support of BSA's MSJ.pdf

BSA - Stipulation re Proposed Sched. Order.pdf

BSA - Proposed Order re Stipulation re Sched. Order.pdf

95TH JURY TRIAL NOTICE I

ORDER - MISC.

BSA - Notice of Hearing.pdf

# TAB 2

FILED
DALLAS COUNTY
6/5/2018 3:51 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-01318-B   Document 1-5   Filed 05/31/19   Page 16 of 82   PageID 62

CAUSE NO. _____  DC-18-07313

Marissa Pittman

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT OF |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE HARTFORD ACCIDENT | § | |
| AND INDEMNITY CO., FIRST | § | |
| STATE INSURANCE CO. | § | |
| | § | |
| DEFENDANTS | § | 95TH___ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Boy Scouts of America, Connecticut Yankee Council, Spirit of Adventure Council, Aloha Council, and Cascade Pacific Council (collectively, "BSA" or "Plaintiffs") hereby file this Original Petition against Defendants The Hartford Accident and Indemnity Company and First State Insurance Co. (collectively, "Hartford" or "Defendants") and would respectfully show the Court as follows:

### I.    DISCOVERY CONTROL PLAN

1.    Discovery in this matter is intended to be conducted under Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.    PARTIES

2.    Plaintiff BSA is a congressionally chartered organization authorized to do business in Texas, and has its headquarters at 1325 Walnut Hill Lane, Irving, Texas 75015.

3.      Plaintiff Connecticut Yankee Council is a non-profit corporation organized under the laws of the State of Connecticut, and has its headquarters at 60 Wellington Road, Milford, Connecticut 06460.

4.      Plaintiff Spirit of Adventure Council is a non-profit corporation organized under the laws of the State of Massachusetts, and has its headquarters at 600 W. Cummings Park, Suite 275, Woburn, Massachusetts 01801.

5.      Plaintiff Aloha Council is a non-profit corporation organized under the laws of the State of Hawaii, and has its headquarters at 42 Puiwa Road, Honolulu, Hawaii 96817.

6.      Plaintiff Cascade Pacific Council is a non-profit corporation organized under the laws of the State of Oregon, and has its headquarters at 2145 SW Natio Pkwy, Portland, Oregon 97201.

7.      Defendant The Hartford Accident and Indemnity Company is a corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut. Defendant Hartford Accident and Indemnity Company may be served with process by serving CT Corporation System, 1999 Bryan Street Suite 900, Dallas TX 75201-3136.

8.      Defendant First State Insurance Company is a corporation organized under the laws of the State of Delaware with its principal place of business in Massachusetts. Defendant First State Insurance Company may be served with process by serving CT Corporation System, 1999 Bryan Street Suite 900, Dallas TX 75201-3136.

### III.      JURISDICTION & VENUE

9.      The foregoing allegations are incorporated herein by reference.

10.     This Court has jurisdiction over this matter because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

11.     Plaintiff seeks monetary relief over $1,000,000.

12.     Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Dallas County at the time the cause of actions accrued.

## IV.     BACKGROUND FACTS

### A.     BSA and its Insurance Coverage Program

13.     The Boy Scouts of America is one of the nation's largest and most prominent values-based youth development organizations, with more than 2.4 million youth participants and nearly one million adult volunteers.  BSA was founded in 1910, and since then, more than 110 million Americans have been participants in BSA programs at some time.

14.     BSA operates traditional scouting by chartering local organizations, such as churches, clubs, civic associations, or educational organizations, to implement the scouting program for youth within their communities.  Units are led entirely by volunteers appointed by the chartering organization, who are supported by local councils.

15.     To insure its many activities and local councils throughout the country, BSA maintains a comprehensive, broad insurance program.  From approximately 1970 to 1988, BSA purchased several general liability and umbrella and/or excess liability insurance policies from Hartford.

### B.     The Underlying Lawsuits

16.     Over the past several years, BSA has been subject to numerous claims and lawsuits in which the plaintiffs allege they had been sexually abused while a participant in various BSA programs (the "Underlying Lawsuits").

17.     The Underlying Lawsuits allege abuse during various and multiple periods of time and in various and multiple geographic locations.

18.     The Underlying Lawsuits generally allege personal injury due to sexual abuse and allege, *inter alia*, that BSA and BSA local councils were negligent in failing to prevent the sexual abuse.

19.     The Underlying Lawsuits contain allegations that plaintiffs suffered and continue to suffer from bodily injury, including but not limited to severe and debilitating physical, mental and emotional injury, pain and suffering, physical and emotional trauma, and present psychological damage.

**C.     BSA's Coverage Dispute with Hartford Regarding the Underlying Lawsuits**

20.     Hartford issued several general liability and umbrella and/or excess liability insurance policies to BSA in the schedule attached hereto as <u>Exhibit A</u> (collectively, the "Hartford Policies").

21.     The Hartford primary insurance policies provide that Hartford will pay "all sums that BSA is obligated to pay as damages because of personal injury [which includes bodily injury] to which the insurance applies, caused by an occurrence."

22.     The Hartford primary insurance policies also provide that Hartford has a duty to defend BSA in any suit alleging personal injury, and any defense costs incurred do not reduce the limits of liability under the Hartford primary insurance policies.

23.     The Harford excess policies similarly provide that Hartford will indemnify BSA for all sums which BSA shall become legally obligated to pay as damages and expenses by reason of liability because of personal injury (which includes bodily injury) caused by an occurrence which takes place during the policy period anywhere in the world.

24.     The Hartford excess policies also provide that Hartford has an obligation to reimburse BSA for any defense costs in connection with any suit alleging personal injury.

25.     Several of the Underlying Lawsuits implicate coverage for years that Hartford issued insurance coverage.

26.     BSA timely provided Hartford with notice of each of the Underlying Lawsuits that implicated a Hartford Policy.

27.     Hartford has nevertheless refused and continues to refuse to satisfy its coverage obligations, including by denying coverage for both defense costs and indemnity payments associated with certain of the Underlying Lawsuits.  Hartford has asserted several coverage positions to BSA to deny that it owes an obligation to pay defense and indemnity payments for the Underlying Lawsuits.

28.     First, Hartford has taken the position that all the claims for sexual abuse alleged in the multitude of Underlying Lawsuits throughout the country involving various victims are the result of a single occurrence.  Hartford asserts the injuries alleged in the Underlying Lawsuits were caused by BSA's failure to warn parents and guardians that Scouts might be abused.  Based on this one "occurrence" theory, Hartford contends that once a policy's per-occurrence limits are exhausted by any claim, it has no further responsibility under those policies for claims relating to sexual abuse.  Hartford has taken this position despite the fact that it is contrary to its policy language and well-settled law.

29.     Second, despite issuing certain policies of insurance to BSA and despite Hartford having produced to BSA copies of said policies, Hartford has also taken the position that certain policies have no force and effect, and do not exist. The policies, however, contain declarations

pages showing policy periods and limits of insurance, as well as policy jackets showing the policy terms, conditions, and exclusions.

30.     Third, several of the Hartford Policies either do not contain aggregate limits of liability or contain aggregate limits of liability that are applicable *only* to products completed operations liability or occupational diseases of employees of BSA.   Harford nevertheless contends these policies that include only aggregate limits for products completed operations or occupational disease claims also contain aggregate limits for sexual abuse claims.   Despite the plain language of the policies, Hartford has taken the position that several of the policies with no aggregate limits are exhausted.

31.     Fourth, BSA renewed several of the Hartford Policies[1]   so that the policies covered two, separate years.   Despite the payment of substantial premiums for those renewals, Hartford has taken the position that only a single per occurrence limit of liability is available to BSA for the two-year period.

32.     Due to Hartford's failure to pay amounts owed under the Hartford Policies, BSA has incurred and will continue to incur defense costs to defend itself in the Underlying Lawsuits, and BSA has made and will continue to make indemnity payments to settle the Underlying Lawsuits, all while Hartford is obligated to provide coverage under its policies.

## V.     CAUSES OF ACTION

### COUNT ONE
### Declaratory Judgment

33.     The foregoing allegations are incorporated herein by reference.

---

[1] Hartford primary policy, No. 10-CA-43303, policy period January 1, 1972 – January 1, 1973 was renewed to extend through January 1, 1974; Hartford primary policy, No. 10-CA-43304, policy period January 1, 1972 – January 1, 1973 was renewed to extend through January 1, 1974; Hartford primary policy, No. 10-CA-43324, policy period January 1, 1974 – January 1, 1975 was renewed to extend through January 1, 1976; Hartford excess policy, No. 10-HUA-43302, policy period January 1, 1972 – January 1, 1973 was renewed to extend through January 1, 1974.

34.     BSA brings this action pursuant to TEX. CIV. PRAC. & REM. CODE §37.004.

35.     BSA seeks a declaration that each sexual abuse claim against BSA constitutes an "occurrence" under the Hartford Policies.

36.     BSA seeks a declaration that each of the Hartford Policies are in full force and effect.

37.     BSA seeks a declaration that BSA's renewal of certain Hartford Policies entitles it to separate per-occurrence limits of liability for each year covered by the relevant Hartford Policy.

38.     BSA seeks a declaration that the Hartford Policies that do not contain an aggregate limit or aggregate limits applicable only to products completed operations liability or occupational disease are not and cannot be exhausted due to the payment of loss arising from claims alleging personal injury.

39.     BSA seeks a declaration that, pursuant to the terms of the Hartford Policies, Hartford is obligated to pay and/or reimburse BSA for any ongoing defense costs incurred on those Underlying Lawsuits that are pending.

40.     An actual and justiciable controversy exists between BSA and Hartford regarding the rights and obligations of BSA and Hartford and Hartford's obligations under the Hartford Policies, and a judicial declaration is necessary to determine BSA's rights and Hartford's duties under the Hartford Policies.

## COUNT TWO
## Breach of Contract

41.     The foregoing allegations are incorporated herein by reference.

42.     The Hartford Policies are valid and enforceable contracts.

43.     BSA has standing to pursue claims under the Hartford Policies.

44.     BSA has satisfied all conditions precedent under the Hartford Policies.

45.     The Underlying Lawsuits allege bodily injury/personal injury occurring in whole or in part during the periods of the Hartford Policies.

46.     The terms of the Hartford Policies unambiguously require Hartford to defend and indemnify BSA in the Underlying Lawsuits.

47.     Alternatively, the terms of the Hartford Policies are ambiguous and must be construed in favor of coverage for BSA.

48.     Hartford has breached its contractual obligations under the Hartford Policies by, among other things, refusing and failing to: (a) defend BSA and/or reimburse BSA for defense costs it has incurred defending itself against the Underlying Lawsuits; and (b) indemnify BSA for those settlement payments it has incurred for the Underlying Lawsuits in accordance with the express terms of the Hartford Policies.

49.     As a result of Hartford's breach, BSA has sustained substantial damages.

### COUNT THREE
### Violations of Chapter 542 of the TEXAS INSURANCE CODE

50.     The foregoing allegations are incorporated herein by reference.

51.     BSA's claim for coverage includes a first-party claim.

52.     Hartford's delays and/or denials of coverage violate the Prompt Payment of Claims statute in Chapter 542 of the Texas Insurance Code.

53.     Chapter 542 provides that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim,. . . the insurer shall pay damages and other items as provided by Section 542.060." TEX. INS. CODE § 542.058.

**PLAINTIFFS' ORIGINAL PETITION**                                    **Page 8**

54.     Hartford has received all items, statements and forms reasonably requested and required under Section 542.055 or, alternatively, in light of Hartford's denial of coverage, BSA was not required to submit such items, statements and forms.

55.     Hartford has nonetheless refused to pay amounts that are clearly covered under the Hartford Policies.

56.     In refusing, failing and delaying payment of BSA's defense costs in connection with the Underlying Lawsuits, Hartford has violated Chapter 542 of the Texas Insurance Code.

57.     As a consequence of its statutory violation, Hartford is liable to pay BSA, in addition to the amount of its insurance claim, interest on the amount of its claim at the rate of 18 percent per annum, together with reasonable attorneys' fees.   *See* TEX. INS. CODE Sec. 542.060.

## COUNT FOUR
## Attorneys' Fees

58.     The foregoing allegations are incorporated herein by reference.

59.     Due to the actions of the Hartford, BSA has been required to retain the services of the law firm of Haynes and Boone, LLP of Dallas, Texas. BSA has agreed to pay Haynes and Boone, LLP a reasonable fee for its services necessarily rendered and to be rendered in this action.

60.     Pursuant to §§ 37.009 and 38.001 of the Texas Civil Practices & Remedies Code and Chapters 541 and 542 of the Texas Insurance Code, BSA is entitled to an award of reasonable attorneys' fees against Hartford in an amount to be established at trial.

## NOTICE OF INTENT TO PURSUE CLAIM UNDER
## CHAPTER 541 OF THE TEXAS INSURANCE CODE

61.     The foregoing allegations are incorporated herein by reference.

62.     Pursuant to § 541.154 of the Texas Insurance Code, BSA hereby provides notice of its intent to pursue a claim against Hartford under § 541.151 of the Texas Insurance Code by amending this suit after 60 days.

63.     By, among other things, taking positions as outlined in ¶¶ 29-31, Hartford has engaged in unfair or deceptive acts or practices as defined by Section 541.061 of the Texas Insurance Code.  Hartford has violated Section 541.061 of the Texas Insurance Code by making misrepresentations of the insurance policy through one or more of the following acts: (1) making untrue statements of material fact, (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, (3) making a statement in a manner that would mislead a reasonably prudent person to the false conclusion of material fact, and (4) making a material misstatement of law.

64.     By, among other things, taking positions as outlined in ¶¶ 29-31, Hartford has violated Section 541.060(1) of the Texas Insurance Code by misrepresenting a material fact or policy provision relating to coverage at issue.

65.     Hartford has violated Section 541.060(2) of the Texas Insurance Code by refusing coverage for the Underlying Lawsuits when its liability was reasonably clear.

66.     Hartford has violated Section 541.060(3) of the Texas Insurance Code by denying coverage for the Underlying Lawsuits without providing any factual or legal basis for such an assertion.

67.     Hartford has violated Section 541.060(7) of the Texas Insurance Code by refusing coverage for the Underlying Lawsuits without conducting a reasonable investigation with respect to the Underlying Lawsuits.

68.     As a result of Hartford's conduct, BSA has suffered substantial damages in an amount not less than $13.5 million, as well as attorneys' fees in an amount not less than $100,000.

69.     Hartford knowingly committed one or more of the violations referenced above and thus BSA seeks, in addition to actual damages, court costs, and attorneys' fees, an amount not to exceed three times the amount of actual damages.

## VI.     JURY DEMAND

70.     BSA hereby requests a jury trial pursuant to Tex. R. Civ. P. 216(a).

## VII.     PRAYER

WHEREFORE, BSA respectfully prays that this Court grant it the following relief:

a.     Declaratory Judgment that each sexual abuse claim against BSA constitutes an "occurrence" under the Hartford Policies;

b.     Declaratory Judgment that each of the Hartford Policies are in full force and effect;

c.     Declaratory Judgment that each Hartford Policy has a separate per-occurrence limit of liability available for each policy period;

d.     Declaratory Judgment that the Hartford Policies that do not contain an aggregate limit or aggregate limits applicable only to products completed operations liability or occupational disease are not and cannot be exhausted due to the payment of loss arising from claims alleging personal injury;

e.     Declaratory Judgment that Hartford is obligated to pay and/or reimburse BSA for any defense costs incurred on those Underlying Lawsuits that are ongoing pursuant to the terms of the Hartford Policies;

f.     Judgment awarding BSA all damages sustained as a result of Hartford's breach of contract;

g.     Judgment awarding BSA actual and treble damages resulting from Hartford's violations of Chapters 541 and/or 542 of the Texas Insurance Code;

h.     Judgment awarding BSA all reasonable and necessary attorneys' fees and expenses incurred in this matter against Hartford under Chapter 37 of the Texas

Civil Practice & Remedies, Chapter 38 of the Texas Civil Practice & Remedies Code, Chapter 542, and/or Chapters 541 of the Texas Insurance Code;

i.     Judgment awarding BSA pre-judgment and post-judgment interest as allowed by law;

j.     Judgment awarding BSA all costs of court; and

k.     Any and all other relief to which BSA may be entitled.

Respectfully submitted,

/s/ *Ernest Martin, Jr.* _____
Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:     (214) 651-5000
Telecopier:     (214) 651-5940

Adrian Azer*
*pro hac vice application pending*

ATTORNEYS FOR PLAINTIFFS BOY SCOUTS OF AMERICA, CONNECTICUT YANKEE COUNCIL, SPIRIT OF ADVENTURE COUNCIL, ALOHA COUNCIL, CASCADE PACIFIC COUNCIL

**Exhibit A**
**The Hartford Policies**

| Insurer | Policy No. | Effective Dates |
|---|---|---|
| **1971-72** | | |
| The Hartford Accident and Indemnity Co. | 10CA43315 (primary) | 09/01/1972 - 01/01/1972 |
| The Hartford Accident and Indemnity Co. | 10HUA43300 (excess) | 05/01/1971 - 05/01/1972 |
| **1972-73** | | |
| The Hartford Accident and Indemnity Co. | 10CA43303 (primary) | 01/01/1972 - 01/01/1973 (extended an additional year) |
| The Hartford Accident and Indemnity Co. | 10CA43304 (primary) | 01/01/1972 - 01/01/1973 (extended an additional year) |
| The Hartford Accident and Indemnity Co. | 10HUA43301 (excess) | 01/01/1972 - 01/01/1973 |
| The Hartford Accident and Indemnity Co. | 10HUA43302 (excess) | 01/01/1972 - 01/01/1973 (extended an additional year) |
| The Hartford Accident and Indemnity Co. | 10HUA43303 (excess) | 05/01/1972 - 05/01/1973 (extended an additional year) |
| **1973-74** | | |
| The Hartford Accident and Indemnity Co. | 10CA43303 (primary) | 01/01/1973 - 01/01/1974 |
| The Hartford Accident and Indemnity Co. | 10CA43304 (primary) | 01/01/1973 - 01/01/1974 |
| The Hartford Accident and Indemnity Co. | 10HUA43302 (excess) | 01/01/1973 - 01/01/1974 |
| The Hartford Accident and Indemnity Co. | 10HUA43303 (excess) | 05/01/1973 - 05/01/1974 |
| **1974-75** | | |
| The Hartford Accident and Indemnity Co. | 10CA43329 (primary) | 01/01/1974 - 01/01/1975 |
| The Hartford Accident and Indemnity Co. | 10CA43324 (primary) | 01/01/1974 - 01/01/1975 |
| The Hartford Accident and Indemnity Co. | 10HUA43331 (excess) | 01/01/1974 - 01/01/1975 |
| The Hartford Accident and Indemnity Co. | 10HUA43335 (excess) | 05/01/1974 - 05/01/1975 |
| **1975-76** | | |
| The Hartford Accident and Indemnity Co. | 10CA43342E (primary) | 01/01/1975 - 01/01/1976 |
| **1978-79** | | |
| First State Insurance Co. | 908954 (excess) | 01/01/1978 – 01/01/1979 |
| **1979-80** | | |
| First State Insurance Co. | 927616 (excess) | 01/01/1979 – 01/01/1980 |

# TAB 3

FILED
DALLAS COUNTY
6/5/2018 3:51 PM
FELICIA PITRE
DISTRICT CLERK
Marissa Pittman

Case 3:19-cv-01318-B    Document 1-5   Filed 05/31/19    Page 30 of 82    PageID 76

**CIVIL CASE INFORMATION SHEET**

DC-18-07313

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

BOY SCOUTS OF AMERICA, CONNECTICUT YANKEE COUNCIL, SPIRIT OF ADVENTURE COUNCIL,

STYLED    ALOHA COUNCIL, CASCADE PACIFIC COUNCIL VS. THE HARTFORD ACCIDENT AND INDEMNITY CO., FIRST STATE INSURANCE CO.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Ernest Martin, Jr. - Haynes and Boone, LLP <br><br> Email: ernestmartin@haynesboone.com | Plaintiff(s)/Petitioner(s): <br> BOY SCOUTS OF AMERICA, CONNECTICUT YANKEE COUNCIL, <br> SPIRIT OF ADVENTURE COUNCIL, ALOHA COUNCIL, <br> CASCADE PACIFIC COUNCIL | ☑ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: |
| Address: 2323 Victory Avenu, Suite 700 <br><br> Telephone: 214-651-5000 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, TX 75219 <br><br> Fax: 214-651-5490 | Defendant(s)/Respondent(s): <br> THE HARTFORD ACCIDENT AND INDEMNITY CO. <br> FIRST STATE INSURANCE CO. | Custodial Parent: <br><br> Non-Custodial Parent: |
| Signature: <br><br> State Bar No: 13063300 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| | Civil | | | Family Law | |
|---|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☑ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br> **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

Rev 2/13

# TAB 4

FILED
DALLAS COUNTY
6/19/2018 2:42 PM
FELICIA PITRE
DISTRICT CLERK

Daniel Macias

\#

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To: First State Insurance Co.**
   **BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
   **1999 BRYAN STREET SUITE 900**
   **DALLAS TX  75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **Boy Scouts of America, Connecticut Yankee Council, Spirit of Adventure Council, Aloha Council, and Cascade Pacific Council**

Filed in said Court  **5th day of June, 2018** against

**The Hartford Accident and Indemnity Co., First State Insurance Co.**

For Suit, said suit being numbered **DC-18-07313,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of June, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

/s/ Teresa Jones

By_____, Deputy
      TERESA JONES

---

**ESERVE**

**CITATION**

**DC-18-07313**

**Boy Scouts of America et al**
**vs.**
**The Hartford Accident and Indemnity Co.,**
**et al**

**ISSUED THIS**
**15th day of June, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  TERESA JONES, Deputy

**Attorney for Plaintiff**
**ERNEST MARTIN Jr.**
**HAYNES AND BOONE, L.L.P.**
**2323 Victory Ave., Suite 700**
**DALLAS TX  75219**
**214-651-5000**

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

\#

**CAUSE NO. DC-18-07313**

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| Plaintiff(s), | § | |
| VS. | § | 95TH JUDICIAL DISTRICT |
| | § | |
| THE HARTFORD ACCIDENT AND | § | |
| INDEMNITY CO., FIRST STATE | § | |
| INSURANCE CO. | § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to my hand on **Monday, June 18, 2018 at 12:37 PM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at 2:30 PM, on **Monday, June 18, 2018,**
by delivering to the within named:

### FIRST STATE INSURANCE CO.

By delivering to its' **Registered Agent, CT CORPORATIONS SYSTEM**
By delivering to its' **Authorized Agent, KIM HIGHTOWER**
a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION with EXHIBIT A

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Ernesto Martin Herrera** who after being duly sworn on oath states: "My name is **Ernesto Martin Herrera**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

By:

_____
**Ernesto Martin Herrera - PSC4418 - Exp 11/30/19**
served@specialdelivery.com

**Subscribed and Sworn to by Ernesto Martin Herrera, Before Me, the undersigned authority, on this _19th_ day of June, 2018.**

_____
Notary Public in and for the State of Texas

JEFFREY E KIRKPATRICK
Notary Public
STATE OF TEXAS
ID#634083-6
My Comm. Exp. Oct. 28, 2021

# TAB 5

FILED
DALLAS COUNTY
6/19/2018 2:42 PM
FELICIA PITRE
DISTRICT CLERK

Daniel Macias

\#

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To: The Hartford Accident and Indemnity Co.**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **Boy Scouts of America, Connecticut Yankee Council, Spirit of Adventure Council, Aloha Council, and Cascade Pacific Council**

Filed in said Court **5th day of June, 2018** against

**The Hartford Accident and Indemnity Co., First State Insurance Co.**

For Suit, said suit being numbered **DC-18-07313,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of June, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
　　　 /s/ Teresa Jones
　　　 TERESA JONES



---

**ESERVE**

**CITATION**

**DC-18-07313**

**Boy Scouts of America et al**
**vs.**
**The Hartford Accident and Indemnity Co.,**
**et al**

**ISSUED THIS**
**15th day of June, 2018**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

By: TERESA JONES, Deputy

---

**Attorney for Plaintiff**
**ERNEST MARTIN Jr.**
**HAYNES AND BOONE, L.L.P.**
**2323 Victory Ave., Suite 700**
**DALLAS TX 75219**
**214-651-5000**

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

\#

\#

# OFFICER'S RETURN

Case No. : DC-18-07313

Court No.95th District Court

Style: Boy Scouts of America et al

vs.

The Hartford Accident and Indemnity Co., et al

Came to hand on the _____ day of _____, 20_____ _____at _____ o'clock_____.M. Executed at _____.

within the County of _____ at _____ o'clock _____.M. on the _____ day of_____.

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows. To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____ County. _____ | |
| For Notary | $_____ | By_____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

\#

\#

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| Plaintiff(s), | § | |
| VS. | § | 95TH JUDICIAL DISTRICT |
| | § | |
| THE HARTFORD ACCIDENT AND | § | |
| INDEMNITY CO., FIRST STATE | § | |
| INSURANCE CO. | § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to my hand on **Monday, June 18, 2018 at 12:37 PM**,
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at 2:30 PM, on Monday, June 18, 2018,
by delivering to the within named:

### THE HARTFORD ACCIDENT AND INDEMNITY CO.

By delivering to its' **Registered Agent, CT CORPORATIONS SYSTEM**
By delivering to its' **Authorized Agent, KIM HIGHTOWER**
a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION with EXHIBIT A

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Ernesto Martin Herrera** who after being duly sworn on oath states: "My name is **Ernesto Martin Herrera**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

By: _____
**Ernesto Martin Herrera - PSC4418 - Exp 11/30/19**
served@specialdelivery.com

**Subscribed and Sworn to by Ernesto Martin Herrera, Before Me, the undersigned authority, on this _19__ day of June, 2018.**

_____
Notary Public in and for the State of Texas

JEFFREY E KIRKPATRICK
Notary Public
STATE OF TEXAS
ID#634083-6
My Comm. Exp. Oct. 28, 2021

# TAB 6

FILED
DALLAS COUNTY
7/5/2018 5:13 PM
FELICIA PITRE
DISTRICT CLERK

Daniel Macias

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
**FIRST STATE INSURANCE CO**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**67 BURNSIDE AVE**
**EAST HARTFORD CT 06108-3408**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BOY SCOUTS OF AMERICA**

Filed in said Court  **5th day of June, 2018** against

**FIRST STATE INSURANCE CO**

For Suit, said suit being numbered <u>DC-18-07313,</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of July, 2018.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By  **/s/ Christi Underwood**                          , Deputy
CHRISTI UNDERWOOD

---

**ESERVE**

**CITATION**

**DC-18-07313**

**BOY SCOUTS OF AMERICA ET AL**
**VS**
**THE HARTFORD ACCIDENT AND**
**INDEMNITY CO ET AL**

ISSUED THIS
**3rd day of July, 2018**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CHRISTI UNDERWOOD, Deputy

**Attorney for Plaintiff**
ERNEST MARTIN
2323 VICTORY AVENUE
SUITE 700
DALLAS TX 75219
214-651-5000

---



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-18-07313

Court No.95th District Court

Style: BOY SCOUTS OF AMERICA ET AL

VS THE HARTFORD ACCIDENT AND INDEMNITY CO ET AL

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

*** SEE ATTACHED ***
*** AFFIDAVIT ***



*193598*

## STATE OF TEXAS

**Boy Scouts of America, et al**

Plaintiff(s),

vs.

**The Hartford Accident and Indemnity Co., et al**

Defendant(s).

**Case No.: DC-18-07313 Dallas County**

**AFFIDAVIT OF SERVICE**

I certify that I received this process on **07/05/2018** at **1:03 PM** to be served upon:

**First State Insurance Company**

STATE OF CONNECTICUT

ss: East Hartford

HARTFORD COUNTY

I, **Christine Foran**, depose and say that: I am authorized to serve this process in the circuit/county it was served in.

On **07/05/2018** at **1:18 PM**, I served the within **Citation, Original Petition** on **First State Insurance Company** at c/o **CT Corporation System, Reg. Agent, 67 Burnside Ave, East Hartford, CT 06108** in the manner indicated below:

**CORPORATE SERVICE:** By delivering a true copy of this process with the date and hour endorsed thereon by me to **Sierra Chandler, Process Specialist** of the above named corporation and informing him/her of the contents.

Description of person process was left with:

**Sex: Female - Skin: Caucasian - Hair: Black - Age: 21 - Height: 5'7" - Weight: 150**
Other:

Under penalty of perjury I declare that I have read the foregoing Affidavit Of Service and that the facts stated in it are true.

Signed and sworn to before me on **07/05/2018** by an affiant who is personally known to me or produced identification.

X _____
Christine Foran
Special Delivery Service, Inc.
5470 L.B.J. Freeway
Dallas, TX 75240
800-352-7290

_____
Notary Public

# TAB 7

FILED
DALLAS COUNTY
7/9/2018 8:41 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-01318-B  Document 1-5  Filed 05/31/19  Page 43 of 82  PageID 89

## CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| **BOY SCOUTS OF AMERICA, et al.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **OF DALLAS COUNTY** |
| | § | |
| **HARTFORD ACCIDENT AND** | § | |
| **INDEMNITY COMPANY AND FIRST** | § | |
| **STATE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | **95ᵗʰ JUDICIAL DISTRICT** |

### DEFENDANTS' SPECIAL EXCEPTIONS, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Hartford Accident and Indemnity Company ("Hartford A&I") and First State Insurance Company ("First State"), Defendants in the above entitled and numbered cause, and file their Special Exceptions, Original Answer and Affirmative Defenses to Plaintiffs' Original Petition, and in support thereof, would respectfully show the Court as follows:

### I.
### SPECIAL EXCEPTIONS

1.      Hartford A&I and First State specially except to Paragraphs 20-24 and 26-57 of Plaintiffs' Original Petition (the "Petition") as failing to allege which Plaintiffs are making which claims against which Defendants, such that Plaintiffs have failed to give Hartford A&I and First State fair notice as required by Rule 45(b) of the Texas Rules of Civil Procedure.

1.1.      In the Petition, Plaintiffs define all five of the Plaintiffs -- Boy Scouts of America, Connecticut Yankee Council, Spirit of Adventure Council, Aloha Council, and Cascade Pacific Council -- collectively as "BSA" or "Plaintiffs."  Plaintiffs also define Hartford A&I and First State collectively as "Hartford" or "Defendants."

1.2.    Beginning in Paragraph 20, Plaintiffs make general allegations on behalf of BSA collectively against Hartford A&I and First State.  These allegations do not specify which of the five Plaintiffs are making the claims against which of the two Defendants.  For example, Paragraph 26 alleges that "BSA timely provided Hartford with notice of each of the Underlying Lawsuits that implicated a Hartford policy" and Paragraph 31 alleges that "BSA renewed several of the Hartford Policies."  However, Plaintiffs do not specify which of the five Plaintiffs they define as "BSA" allege they are entitled to coverage under the Hartford A&I and/or First State policies listed in Schedule A to the Petition, which Plaintiffs "timely provided" notice or which Plaintiffs renewed which policies.  Indeed, the insurance policies listed on Schedule A to the Petition were issued to "Boy Scouts of America," not to BSA as defined in the Petition, and at least with respect to certain of the Hartford A&I and First State policies, the Councils named as Plaintiffs in the Petition are not identified as named insureds.

1.3.    Plaintiffs also define "Underlying Lawsuits" in the Petition to mean "claims and lawsuits [against BSA] in which the plaintiffs allege they had been sexually abused while a participant in various BSA programs."  *See* Petition, Paragraph 16.  Plaintiffs then allege in Paragraph 27 that "Hartford has nevertheless refused to satisfy its coverage obligations, including by denying coverage for both defense costs and indemnity payments associated with certain of the Underlying Lawsuits."  Plaintiffs do not, however, allege for which Underlying Lawsuits they contend Hartford A&I and/or First State have "refused to satisfy [their] coverage obligations by denying coverage for both defense costs and indemnity payments."

1.4.    Paragraph 32 concludes Plaintiffs' factual allegations and alleges: "Due to Hartford's failure to pay amounts owed under the Hartford Policies, BSA has incurred and will continue to incur defense costs to defend itself in the Underlying Lawsuits, and BSA has made

and will continue to make indemnity payments to settle Underlying Lawsuits, all which Hartford is obligated to provide coverage under its policies."  Again, Plaintiffs do not specify (1) which of the five Plaintiffs allegedly have incurred defense and indemnity costs in connection with Underlying Lawsuits, (2) whether Plaintiffs contend that Hartford A&I or First State (or both) is allegedly obligated to provide coverage, or (3) for which Underlying Lawsuits Plaintiffs allege Hartford A&I and/or First State have refused to provide coverage.

1.5.    The Court should require Plaintiffs to amend the Petition to allege with specificity which Plaintiffs are referred to in each factual allegation, which Plaintiffs seek coverage for which Underlying Lawsuits and under which of the Hartford A&I and/or First State policies listed in Schedule A to the Petition coverage is sought.  Such specificity is required to give Hartford A&I and First State "fair notice" of Plaintiffs' claims such that Hartford A&I and First State can prepare their defense.  *See* Texas Rule of Civil Procedure 45; *see also McFarland v. Reynolds*, 513 S.W.2d 620, 424 (Tex. App. Corpus Christi 1974, no writ) (special exceptions are the means by which a party may force clarification and specification of pleadings that are vague, indefinite, or uncertain).  Without amendment, Hartford A&I and First State are being deprived of basic notice as to which party is asserting each factual allegation and what relevant discovery may be necessary.

1.6.    Fair notice also requires knowing which Plaintiff is asserting claims against which Defendant.  Accordingly, the Court should require Plaintiffs to amend Counts One, Two, Three and Four of the Petition to identify which of the five Plaintiffs (again, collectively referred to as "BSA") is asserting which count against which Defendant -- Hartford A&I, First State or both.

2.      Hartford A&I and First State specially except to Count One of the Petition because Plaintiffs have failed to allege sufficient facts to establish that there is an actual and justiciable controversy arising between the parties.

2.1.      Declaratory judgment actions under Texas Civil Practice and Remedies Code Section 37.004 are subject to a ripeness review.  *See Firemen's Ins. Co. of Newark, NJ v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968) (Declaratory Judgments Act does not empower courts to issue advisory opinions).  Ripeness requires more than an abstract disagreement.  Rather, there must be a concrete dispute on a discrete claim that means the resolution of the parties' disagreement has more than academic consequences.  Plaintiffs have failed to meet this test.

2.2.      In the Petition, Plaintiffs fail to identify any Underlying Lawsuit where Hartford A&I or First State denied coverage to Plaintiffs because of the parties' differing opinions regarding the interpretation of the Hartford A&I and First State policies identified on Schedule A to the Petition.  Indeed, Count One of the Petition does not even allege that there has been such an occurrence.  This is clearly insufficient.

2.3.      The Court should require Plaintiffs to amend the Petition to allege facts sufficient to allege that there is a justiciable controversy between the parties.

3.      Hartford A&I and First State specially except to Plaintiffs' vague and indefinite claims regarding Hartford A&I's and First State's alleged violations of Chapter 542 of the Texas Insurance Code.  Count Three of the Petition alleges violations of the "Prompt Payment of Claims statute in Chapter 542."

3.1.      Paragraph 52 is a conclusory allegation that Hartford A&I and First State violated the Chapter, and Paragraphs 53-57 largely track the statutory grounds of Chapter 542.  Such allegations are insufficient under Texas law.  There is no reference to or mention of any

specific facts that set forth how Hartford A&I or First State engaged in conduct that violates the Insurance Code.  *See, e.g., Subia v. Texas Dept. of Human Services*, 750 S.W.2d 827, 829 (Tex. App. El Paso 1988, no writ) (simply reciting "statutory allegations did not give fair notice of the facts and circumstances relied on").  The fair notice requirements are essential here to give Hartford A&I and First State an understanding as to what alleged conduct is at issue.  That is the minimum that is necessary to permit the parties meaningfully to take discovery and litigate these claims.

3.2.    Moreover, Plaintiffs use ellipses in quoting Chapter 542, eliminating the statute's reference to "for more than 60 days," and Plaintiffs set forth no allegations to support that Hartford A&I and/or First State have failed to pay any Underlying Lawsuits for more than 60 days.  Without such information, Hartford A&I and First State cannot determine which of the Underlying Lawsuits Plaintiffs intend to put at issue in the Petition.  The Court should require Plaintiffs to amend the Petition to allege facts sufficient to provide Hartford A&I and First State with fair notice of Plaintiffs' claims under Chapter 542 of the Texas Insurance Code.

4.    Hartford A&I and First State specially except to the Petition because Plaintiffs fail to plead the maximum amount of damages sought.  Rule 47 of the Texas Rules of Civil Procedure provides that "upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed."  Hartford A&I and First State are entitled to know the maximum amount of damages Plaintiffs seek.

## II.
## GENERAL DENIAL

As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Hartford A&I and First State deny each and every, all and singular, of the allegations made in Plaintiffs' Original Petition and demands strict proof thereof.

## III.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be subject to dismissal for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be subject to dismissal for failure to join certain necessary and indispensable parties to this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred by operation of the applicable statute of limitations, laches, waiver, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that Plaintiffs' claims against Hartford A&I and First State are unripe or nonjusticiable.

### FIFTH AFFIRMATIVE DEFENSE

Hartford A&I's and First State's obligations, if any, to an insured are defined by the terms, limitations, definitions, conditions, declarations, endorsements, exclusions, and attachment points of the Hartford A&I and/or First State policies at issue, including, without limitation, conditions precedent, limitations on attachment, limits of liability, per occurrence and aggregate limits, policy

periods, "other insurance" provision, requirements of exhaustion of other insurance, and notice requirements, and any such coverage obligations cease upon the exhaustion of the applicable limits of coverage.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the Hartford A&I and First State policies at issue have exhausted their applicable limits of liability.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the insured has failed to satisfy any applicable deductibles or self-insured retentions.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the underlying claims do not arise from claims covered by the Hartford A&I and First State policies at issue.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the underlying claims do not involve "personal injury" or "bodily injury" as those terms are used in the Hartford A&I and First State policies at issue and/or the underlying policies to which they follow form.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the acts, conditions, events, or damages that form the basis of the underlying claims were not fortuitous.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the underlying claims involve "personal injury" or "bodily injury" that was either expected or intended from the standpoint of the insured.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that Plaintiffs' claims for coverage for the underlying claims relates to losses arising from intentional conduct on the part of the insured.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the underlying claims constitute a known risk and/or known loss.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the insured negligently or intentionally failed to disclose, concealed, or misrepresented facts that were material to the risks at the time of the negotiations, underwriting, and/or issuance of the Hartford A&I and First State policies at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may by barred to the extent that Plaintiffs seek coverage for liability for equitable, mandatory or injunctive relief, and not for sums that it has become legally obligated to pay as damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that it seeks defense or indemnification for liability arising out of its conduct in express disregard of its

legal obligations under state, federal, or local laws and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that it seeks coverage for punitive or exemplary damages, fines, penalties, or costs or damages that are uninsurable as a matter of public policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that certain liabilities and/or potential liabilities were incurred by entities that do not qualify as insured(s) under the Hartford A&I and First State policies at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that any of the Plaintiffs are not insureds under the Hartford A&I and First State policies at issue but claim to have succeeded to or acquired rights in the Hartford A&I and First State policies at issue.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that the insured has not complied with all necessary conditions precedent under the Hartford A&I and First State policies at issue, including, but not limited to, the requirements that the insured cooperate with Hartford A&I and First State and provide Hartford A&I and First State with timely notice of the underlying claims, or of the accidents or occurrences that form the basis for those actions, or of any other developments likely to affect Hartford A&I's and First State's liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that Plaintiffs' claims for coverage for the underlying claims are barred by various exclusions contained in the Hartford A&I and First State policies at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent Plaintiffs have made voluntary payments or incurred voluntary obligations without the prior approval of or consent by Hartford A&I and First State.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent the insured assumed liabilities pursuant to contract or any other agreement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that it has failed to mitigate, minimize, or avoid any damages it allegedly sustained.  Plaintiffs' recovery against Hartford A&I and First State, if any, must be reduced by the amount attributable to that failure.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that Plaintiffs have impaired any rights of subrogation or contribution under the Hartford A&I and First State policies at issue.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition against Hartford A&I and First State may be barred to the extent that any "personal injury" or "bodily injury" alleged in the underlying claims occurred solely prior to the inception date or after the expiration date of the Hartford A&I and First State policies at issue.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Hartford A&I and First State reserves the right to assert additional defenses upon further discovery of Plaintiffs' claims, upon discovery of the provisions, terms, conditions, and exclusions of any policy under which Plaintiffs are allegedly entitled to coverage, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

Respectfully submitted,

**ZELLE LLP**

By:     */s/ Todd M. Tippett*
Todd M. Tippett
Texas Bar No. 24046977
TTippett@zelle.com
Victoria L. Vish
Texas Bar No. 24089850
VVish@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **DEFENDANTS' SPECIAL EXCEPTIONS, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION** has been served this 9th day of July 2018, by electronic filing as follows:

Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
**HAYNES AND BOONE, L.L.P.**
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Telecopier: (214) 651-5940
Adrian Azer*
*pro hac vice application pending*

**ATTORNEYS FOR PLAINTIFFS**

_____
    */s/ Todd M. Tippett*
     Todd M. Tippett

# TAB 8

ORIGINAL

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, et al., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| HARTFORD ACCIDENT AND | § | |
| INDEMNITY COMPANY AND FIRST | § | |
| STATE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | 95th JUDICIAL DISTRICT |

## ORDER ALLOWING ADMISSION *PRO HAC VICE* OF JAMES RUGGERI

On this day, the Court considered the Unopposed Motion of James Ruggeri to Appear *Pro Hac Vice* in this proceeding ("Motion"). After considering the Motion, the Court finds the Motion should be granted.

IT IS THEREFORE ORDERED that James Ruggeri of SHIPMAN & GOODWIN LLP, 1875 K Street NW, Suite 600, Washington, DC 20006-1251, is admitted to practice before this Court for the limited purpose of appearing in the above-styled case.

IT IS FURTHER ORDERED that the admission of Mr. Ruggeri is conditioned on the continued appearance of Todd M. Tippett, Texas Bar No. 24046977, ZELLE LLP, 901 Main Street, Suite 4000, Dallas, Texas 75202, in the case as an active member of the Texas Bar Association and resident of the state of Texas upon whom service as to all matters connected with this action may be made with the same effect as if made upon Mr. Ruggeri.

Signed this 4th day of ___Aug___, 2018.

_____
JUDGE PRESIDING

# TAB 9

ORIGINAL

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, et al., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| HARTFORD ACCIDENT AND | § | |
| INDEMNITY COMPANY AND FIRST | § | |
| STATE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | 95th JUDICIAL DISTRICT |

## <u>ORDER ALLOWING ADMISSION *PRO HAC VICE*<br>OF ABIGAIL WILLIAMS</u>

On this day, the Court considered the Unopposed Motion of Abigail Williams to Appear

*Pro Hac Vice* in this proceeding ("Motion"). After considering the Motion, the Court finds the

Motion should be granted.

IT IS THEREFORE ORDERED that Abigail Williams of SHIPMAN & GOODWIN LLP,

1875 K Street NW, Suite 600, Washington, DC 20006-1251, is admitted to practice before this

Court for the limited purpose of appearing in the above-styled case.

IT IS FURTHER ORDERED that the admission of Ms. Williams is conditioned on the

continued appearance of Todd M. Tippett, Texas Bar No. 24046977, ZELLE LLP, 901 Main

Street, Suite 4000, Dallas, Texas 75202, in the case as an active member of the Texas Bar

Association and resident of the state of Texas upon whom service as to all matters connected

with this action may be made with the same effect as if made upon Ms. Williams.

Signed this 4th day of Aug, 2018.

_____
JUDGE PRESIDING

**TAB 10**

ORIGINAL

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, et al., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| HARTFORD ACCIDENT AND | § | |
| INDEMNITY COMPANY AND FIRST | § | |
| STATE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | 95th JUDICIAL DISTRICT |

## ORDER ALLOWING ADMISSION *PRO HAC VICE* OF JOSHUA WEINBERG

On this day, the Court considered the Unopposed Motion of Joshua Weinberg to Appear *Pro Hac Vice* in this proceeding ("Motion"). After considering the Motion, the Court finds the Motion should be granted.

IT IS THEREFORE ORDERED that Joshua Weinberg of SHIPMAN & GOODWIN LLP, 1875 K Street NW, Suite 600, Washington, DC 20006-1251, is admitted to practice before this Court for the limited purpose of appearing in the above-styled case.

IT IS FURTHER ORDERED that the admission of Mr. Weinberg is conditioned on the continued appearance of Todd M. Tippett, Texas Bar No. 24046977, ZELLE LLP, 901 Main Street, Suite 4000, Dallas, Texas 75202, in the case as an active member of the Texas Bar Association and resident of the state of Texas upon whom service as to all matters connected with this action may be made with the same effect as if made upon Mr. Weinberg.

Signed this 4th day of _Aug._, 2018.

_____
JUDGE PRESIDING

# TAB 11

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT OF |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE HARTFORD ACCIDENT | § | |
| AND INDEMNITY CO., FIRST | § | |
| STATE INSURANCE CO. | § | |
| | § | |
| Defendants. | § | 95TH JUDICIAL DISTRICT |

## <u>AGREED CONFIDENTIALITY AND PROTECTIVE ORDER</u>

Plaintiffs Boy Scouts of America ("BSA"), Connecticut Yankee Council ("CYC"), Spirit of Adventure Council ("SAC"), Aloha Council ("AC") and Cascade Pacific Council ("CPC") (collectively, the "Plaintiffs") and Defendants Hartford Accident and Indemnity Co. ("Hartford") and First State Insurance Co. ("First State") (collectively, the "Defendants")[1] possess certain confidential and proprietary information that may be disclosed in the above-entitled and numbered action (the "Litigation"). To facilitate discovery and protect the interests of the Parties in the confidentiality of proprietary or other business sensitive matters contained in certain documents, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the Parties agree to entry of this Protective and Confidentiality Order (the "Order") as follows:

The Court hereby enters this Order with respect to documents produced in this lawsuit which the Parties have designated as "Confidential."

---

[1] Plaintiffs and Defendants may hereinafter be individually referred to as a "Party" or collectively referred to as the "Parties."

1.    <u>Confidential Information</u>.  For purposes of this Order, "Confidential Information" means any document, writing, paper, recording, tangible thing, computer diskettes, computer software, CD-ROMs, or any other electronic, digital, and/or magnetic data or media, and the content of any of the above-referenced materials, which a Party believes, in good faith, contains confidential, proprietary, privileged, or otherwise restricted or sensitive information and which is designated as "Confidential" pursuant to paragraph 2 below.   By way of example, and not limitation, Confidential Information may include or be included in documents, papers, manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments which comprise, embody or summarize matters which any Party considers confidential and desires not to be made public.

2.    <u>Designation of Confidentiality</u>.  A Party producing "Confidential Information" in this matter shall designate the material or information claimed as "Confidential Information" by stamping or labeling such material or information as "Confidential" before distributing same to another Party.  Upon the designation of any material or information as "Confidential," all copies, reproductions, or duplications of such material shall be subject to the provisions of this Order.

3.    <u>Use and Disclosure</u>.  No person receiving "Confidential Information" shall disclose such "Confidential Information" or use it for any purpose other than participation in the above-entitled action (this "Litigation").   Further, "Confidential Information" shall not be disclosed or communicated in any way to anyone other than the following (hereinafter "Qualified Persons") and then only in the manner and to the extent provided for herein:

a.    Counsel representing the Parties in this Litigation, including employees of outside counsel whose functions require access to "Confidential Information";

b.      The Parties, including their principals, officers, agents, in-house counsel, employees whose functions require access to "Confidential Information"

c.      A Party's insurers, reinsurers, reinsurer intermediaries, retrocessionares and insurance regulators;

d.      Any other person or entity to whom/which any party is statutorily obligated to produce such Confidential Information;

e.      Independent non-party experts and consultants engaged by counsel or any Party to assist in this Litigation, provided that any and all such experts and consultants are provided with a copy of this Order and shall first execute a written statement under oath, in the form attached as Exhibit A;

f.      Mediators engaged by the Parties to assist in this Litigation;

g.      The Court (including court reporters, stenographic reporters, video technicians, and other court personnel);

h.      Potential witnesses and/or deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this Litigation, provided that any and all such individuals, who are neither Parties nor counsel in this Litigation and who are not retained as independent experts or consultants, are provided with a copy of this Order and informed of the obligation no to disclose Confidential Information ;

i.      Personnel providing graphics, design, photocopy, document imaging, document processing, translation, or database services to the Parties' counsel in order to assist in this Litigation; or

j.      Non-parties to whom Confidential Information must be produced subject to a subpoena, court order or other legal process in accordance with paragraph 8 below.

Nothing in this Order shall deprive a receiving Party of the right to use or disclose any document designated as Confidential Information:

a.      which is, at the time of disclosure, known to the industry or the public;

b.      which becomes at a later date known to the public through no fault of the receiving Party and then only after said later date;

c.      which is possessed by the receiving Party, as evidenced by the receiving Party's written records, before receipt from the disclosing Party or through another means of receipt; or

d.      which is disclosed to the receiving Party in good faith by a third party who has an independent right or access to such information.

4.      <u>Notification of Existence of Order and Confidentiality Agreement</u>.  Counsel for the Parties shall give notice of this Order and its terms to each Qualified Person (as defined in paragraph 2) to whom "Confidential Information" is disclosed by said counsel, and each Qualified Person is prohibited from disclosing any "Confidential Information" received by them to any other person or using such Confidential Information for any purpose other than participation in this Litigation, except in conformance with the provisions of this Order.

5.      <u>Filing with the Court</u>.  Nothing in this Order shall affect the admissibility into evidence of Confidential Information.  Nor shall this Order be construed as limiting any Party's right to seek greater protection from the Court with respect to any documents or information than that provided by the terms of this Order.  When a Party wishes to file document(s) containing "Confidential Information" with the Court in this matter, the Party shall file such documents,

including any exhibits or attachments, with the Court in this matter under seal. When filing any such pleading or other communication (including any exhibits or attachments which contain or disclose "Confidential Information") under seal, the envelope and the pleading or other communications to the Court which contain or disclose "Confidential Information" shall bear the legend "CONFIDENTIAL MATERIAL - FILED UNDER SEAL."

6.   <u>Procedure at Depositions</u>. If a question arises at a pretrial deposition that involves the disclosure of "Confidential Information," counsel with an interest in protecting such "Confidential Information" shall, either at the deposition itself or within fifteen (15) days of receiving the deposition transcript, designate all or any portion the deposition as "Confidential" and serve copies of the transcript bearing the "Confidential" stamp or label on the court reporter, counsel for the Parties, and any other person known to have a copy of the transcript. During the period following a deposition until fifteen days after the deposition transcript has been received by any party requesting such transcript, the transcript and any exhibits shall be treated as "Confidential Information." Nothing in this paragraph shall be construed as any waiver of confidentiality, privilege or protection with respect to any properly designated document attached as an exhibit to a deposition. Documents containing "Confidential Information" and properly designated under paragraph 1 above, which are attached as exhibits to deposition transcript, shall continue to be treated as "Confidential Information" subject to this Order without any further action on the part of any Party.

7.   <u>Disclosure to Additional Persons</u>. Counsel for the Parties may request permission to disclose "Confidential Information" to persons other than Qualified Persons as defined in paragraph 2 above. The Parties shall confer in good faith with one another to reach an agreement regarding disclosure of "Confidential Information" to persons other than Qualified Persons. If

no agreement can be reached, counsel must present the request in writing to the Court, identify the person to whom the counsel wishes to make the disclosure, the purpose of the disclosure, and the terms under which the disclosure is to be made.   Until and unless the Court makes a determination of whether the "Confidential Information" should be disclosed as specified in the request, no "Confidential Information" shall be disclosed to any person described in the request.

8.   Subpoenaed Information.  If at any time any "Confidential Information" governed by this Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena is directed shall give prompt written notice to the Party that designated the information as "Confidential" and include a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or court order) to the Party that designated such information as "Confidential."  The Party seeking to maintain the "Confidential" designation shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designated "Confidential."  If the Party seeking to maintain confidentiality does not move for a protective order within the time allowed for the discovery sought by the subpoena or request, the Party to whom the subpoena or request is directed may commence production on the date designated on the subpoena or request.

9.   Electronic Media.  Computer diskettes, computer software, CD-ROM's, or any other electronic, digital, and/or magnetic data or media (the "Electronic Media") which has been designated as "Confidential" shall not be copied, except as necessary for purposes of the Litigation, including to permit access by individuals identified as Qualified Persons or for backups made for disaster recovery purposes.  Any and all such copies shall be destroyed within

sixty (60) days of the conclusion of this Litigation as provided by paragraph 12 below.  Upon conclusion of this Litigation, the original media must be returned to the producing party or maintained in conformance with this Order.

10.   Third Parties.   Any third party, including non-party deponents, from which materials are sought in connection with this Litigation shall be provided a copy of this Order and notified of the opportunity to designate materials under it.

11.   Effect of Designation.   The designation of confidentiality permitted by this Order is intended solely to facilitate the pretrial and trial proceedings of this Litigation.  Nothing in this Order shall be construed in any way as a finding that the "Confidential Information" does or does not constitute or contain sensitive, confidential commercial information and/or information protected from disclosure by the attorney-client privilege, joint defense privilege, common interest privilege, work product doctrine, and/or other privileges and protections whether by statute, rule or common law.

12.   Objection to Designation.   If a Party objects to the designation of any document or information as "Confidential," counsel for the objecting Party shall notify all counsel of record of the objection in writing.  If disputes regarding the objection cannot be resolved by agreement within five (5) days of receiving any written objection, counsel may move this Court for an order denying confidential treatment to the document or information in question.  If such a motion is filed, the document or information shall be treated as "Confidential Information" and subject to this Order pending a ruling on the motion.  Nothing in this paragraph shall prevent a third party from seeking to protect the confidentiality of information to the same extent as a Party to this Litigation.

13.   <u>Return of Materials</u>.  Within a reasonable time, not to exceed sixty (60) days, following the entry of final judgment and exhaustion of all appeals, settlement of all claims, or dismissal of all claims in connection with this Litigation, the Parties shall (1) destroy or return to the producing Party all materials, together with all copies, summaries, and abstracts thereof, which have been designated as "Confidential" pursuant to this Order or (2) maintain such materials as confidential in conformance with this Order .

A Party that has provided Confidential Information to any other person pursuant to paragraphs 3 and/or 7 above shall require the recipient of that information to return or destroy it in compliance with this Order.  The provisions of this Order shall not terminate upon conclusion of this Litigation but will continue to bind the Parties, non-parties, experts, and other Qualified Persons to whom the Order applies.

14.   <u>Erroneous Designations and Omissions</u>.  It is recognized by the Parties to this Order that due to the exigencies of providing numerous documents and the taking of testimony, material may be designated erroneously as "Confidential" or material which is entitled to confidential treatment may erroneously not be designated as "Confidential."  A Party may correct such confidentiality designations or lack thereof by furnishing to all counsel, at its own expense, copies of the documents for which there is a change in designation.  As soon as the receiving party receives written notice of a Party's or a third party's failure to designate "Confidential Information" as "Confidential," the receiving party must treat the material as though a timely designation had been made, and the receiving party must endeavor in good faith to make reasonable efforts to obtain all copies of the material that it distributed to persons not authorized to receive such material, as well as any copies made by such persons.  Nothing herein

shall alter or waive the rights of any party under Rule 193.3(d) of the Texas Rules of Civil Procedure.

15.    <u>Effect of Order Before Entry</u>.  "Confidential Information" produced by a Party prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such "Confidential Information" was produced.

16.    <u>Limitations</u>.  Nothing in this Order shall be construed to entitle the Parties to obtain any document, thing, or other information from one another.  Nothing in this Order shall be construed to allow the Parties to avoid any discovery obligations under the applicable Rules of Civil Procedure.  Additionally, this Order shall not be deemed to waive any claim of attorney-client privilege, work product protection, or any other privilege, doctrine or protection, which may be asserted by the Parties.  Furthermore, the Parties have agreed to work with each other in good faith if either party determines that additional protection of proprietary or "Confidential Information" is required.  This Order does not limit a Party's right to seek additional protection from this Court for "Confidential Information."

17.    <u>Modification</u>.  Nothing in this Order shall be deemed to preclude the Parties from seeking modification of this Order by the Court upon good cause shown.

SIGNED this 9th day of Oct. , 2018.

HONORABLE KEN MOLBERG

APPROVED AND AGREED:


/s/ Ernest Martin, Jr.
Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Adrian Azer
State Bar No. 24048332
adrian.azer@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Telecopier:   (214) 651-5940

ATTORNEYS FOR PLAINTIFFS BOY
SCOUTS OF AMERICA, CONNECTICUT
YANKEE COUNCIL, SPIRIT OF
ADVENTURE COUNCIL, ALOHA
COUNCIL, CASCADE PACIFIC
COUNCIL

/s/ Todd M. Tippett
Todd M. Tippett
Texas Bar No. 24046977
ttippett@zelle.com
Victoria L. Vish
Texas Bar No. 24089850
vvish@zelle.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

James P. Ruggeri (pro hac vice)
jruggeri@goodwin.com
Joshua D. Weinberg (pro hac vice)
jweinberg@goodwin.com
Abigail W. Williams (pro hac vice)
awilliams@goodwin.com
Shipman & Goodwin LLP
1875 K Street, NW
Suite 600
Washington, DC 20006


ATTORNEYS FOR DEFENDANTS
THE HARTFORD ACCIDENT AND
INDEMNITY CO., FIRST STATE
INSURANCE CO.

# EXHIBIT "A"

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT OF |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE HARTFORD ACCIDENT | § | |
| AND INDEMNITY CO., FIRST | § | |
| STATE INSURANCE CO. | § | |
| | § | |
| Defendants. | § | 95TH JUDICIAL DISTRICT |

## CONFIDENTIALITY AGREEMENT

I, _____, do hereby certify that I have received and read a copy of the Agreed Protective and Confidentiality Order (the "Order") entered in the above-styled and numbered cause, and I fully understand its provisions.  I will only make such copies of or notes concerning documents designated "Confidential" Material as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.

I will not reveal the contents of "Confidential" Material to any unauthorized person.

I will not use "Confidential" Material for any purpose other than the prosecution or defense of claims in this action.

Signed this _____ day of _____, _____.

_____
(Signature)

# TAB 12

Cause No. DC-18-07313-D

ORIGINAL

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT |
| CONNECTICUT YANKEE | § | |
| COUNCIL, SPIRIT OF ADVENTURE | § | |
| COUNCIL, AHOHA COUNCIL, | § | |
| CASCADE PACIFIC COUNCIL | § | |
| | § | DALLAS COUNTY, TEXAS |
| VS. | § | |
| | § | |
| THE HARTFORD ACCIDENT AND | § | |
| INDEMNITY CO., FIRST STATE | § | |
| INSURANCE COMPANY | § | 95th JUDICIAL DISTRICT |

## <u>SCHEDULING AND LEVEL 2 DISCOVERY ORDER</u>

The Court issues the following Scheduling and Level 2 Discovery Order pursuant to TEX.

R. CIV. P. 166 and 190:

1. This case will be ready and is set for NON-JURY trial on the Court's two-week docket beginning **May 6, 2019**, at 8:30 a.m. Trial announcements must be made in accordance with Local Rule 3.02. If the case is not reached during the week in which set, it may be carried to the next week.

Failure of a party seeking affirmative relief to announce or appear at the trial setting will result in dismissal for want of prosecution. Failure of a defending party to announce or appear at the trial setting may result in an appropriate post-answer default against that party.

2. Discovery in this case will be controlled by TEX. R. CIV. P. 190.3 (Level 2).

3. Dispositive motions and objections or challenges to expert testimony must be filed and heard at least 45 days prior to the trial setting.

4. No additional parties may be joined more than six months after the commencement of this case, except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Tex. R. Civ. P. 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

5. The parties shall mediate this case no later than 45 days before the trial setting, unless otherwise provided by Order. Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator. Rules for Mediation are enclosed herewith and shall be deemed a part of this Order. All parties shall contact the mediator to arrange the mediation, and the fees of the mediator shall be taxed as costs.

6.        The parties shall agree upon a mediator.  If no agreement is reached, the parties may ask the Court to appoint a mediator.  Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator.  Rules for Mediation are enclosed herewith and shall be deemed a part of this Order.  The parties shall contact the mediator to arrange the mediation, and the fees of the mediator shall be taxed as costs.

7.        At least 10 days before the trial setting, the attorneys for all parties shall meet in person to confer and seek to reach agreement on matters to be submitted to or determined by the Court in the trial or any pre-trial in this cause, including motions in limine, proposed jury instructions, definitions and questions, stipulations, the admissibility of exhibits and deposition testimony, and such other matters on which agreement may expedite the trial of the case.

8.        At least seven days before the trial setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned.  Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation.

9.        Three days before the trial setting, the parties in a jury case and in any non-jury case anticipated to last more than two days shall file with the Court an estimate of the length of trial, a list of witnesses and exhibits, designations of deposition testimony to be offered at trial, and any motions in limine.  In a case set on the jury docket, each party shall provide the Court a copy of its proposed charge or applicable part thereof.  The Court prefers that this information be provided on CD or flash drive in Word Perfect or Word format.  Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

10.       In the event this case is reset or continued, the new trial date shall be deemed the date from which the deadlines in paragraphs 3, 5, 7, 8 and 9 of this Order run.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any parties appearing after this date.

IT IS SO ORDERED.

SIGNED:  October 9, 2018.

KEN MOLBERG
**Judge, 95th District Court**

## RULES FOR MEDIATION

**1. Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

**2. Conditions Precedent to Serving a Mediator.** The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.

**3. Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice, arrangements for obtaining such advice shall be made by the mediator of the parties, as the mediator shall determine.

**4. Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

**5. Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

**6. Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

**7. Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the mediator and all attorneys of record with an information sheet and request for mediation on the form provided by the mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

**8. Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

**9. Confidentiality.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum except as may be provided in Section 154.073 of the Texas Civil Practice and Remedies Code. Any party that violates this order may be subject to the imposition of sanctions as may be permitted by law. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: A) Views expressed or suggestions made by another party with respect to a possible settlement of the dispute; B) Admissions made by another party in the course of the mediation proceedings; C) Proposals made or views expressed by the mediator; or D) The fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

**10. No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

**11. No Service of Process At or Near The Site of The Mediation Session.** No Subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

**12. Termination of Mediation.** The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or C) After the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

**13. Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

**14. Fees and Expenses.** The mediator's daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

# EXHIBIT 13



**DAVID EVANS**
95TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, 6TH FLOOR
DALLAS, TEXAS  75202-4604
(214) 653-6361

April 10, 2019

ERNEST MARTIN
2323 VICTORY AVENUE, SUITE 700
DALLAS TX  75219

TODD M TIPPETT
ZELLE HOFMANN VOELBEL & MASON LLP
901 MAIN S  SUITE 4000
DALLAS TX  75202

       Re:     DC-18-07313; BOY SCOUTS OF AMERICA, et al.
                v. THE HARTFORD ACCIDENT AND INDEMNITY CO., et al.

TRIAL IS SET ON THE COURT'S TWO-WEEK DOCKET, AS FOLLOWS:

                **JURY TRIAL:    04/13/2020 at 8:30 AM**

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL RULES OF THE CIVIL COURT OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED READY.  IF PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE DISMISSED FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS RULES OF CIVIL PROCEDURE.

COMPLETION OF DISCOVERY, PRESENTATION OF PRETRIAL MOTIONS AND OTHER MATTERS RELATING TO PREPARATION FOR TRIAL ARE GOVERNED BY THE TEXAS RULES OF CIVIL PROCEDURE.

PLEASE FORWARD A COPY OF THIS NOTICE TO COUNSEL OF RECORD FOR EACH PARTY AND ALL PRO SE PARTIES BY A METHOD APPROVED IN TEXAS RULES OF CIVIL PROCEDURE 21a.

SINCERELY,

DAVID EVANS
JUDGE, 95TH DISTRICT COURT

# EXHIBIT 14

ORIGINAL

CAUSE NO. DC-18-07313

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, | § | IN THE DISTRICT COURT OF |
| CONNECTICUT YANKEE COUNCIL, | § | |
| SPIRIT OF ADVENTURE COUNCIL, | § | |
| ALOHA COUNCIL, CASCADE PACIFIC | § | |
| COUNCIL | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE HARTFORD ACCIDENT | § | |
| AND INDEMNITY CO., FIRST | § | |
| STATE INSURANCE CO. | § | |
| | § | |
| Defendants. | § | 95TH JUDICIAL DISTRICT |

*ORDER ON*

## STIPULATION REGARDING PROPOSED SCHEDULING ORDER

Plaintiffs Boy Scouts of America ("BSA"), Connecticut Yankee Council ("CYC"), Spirit of Adventure Council ("SAC"), Aloha Council ("AC") and Cascade Pacific Council ("CPC") (collectively, the "Plaintiffs") and Defendants The Hartford Accident and Indemnity Co. ("Hartford") and First State Insurance Co. ("First State") (collectively, the "Defendants")[1] agree to entry of the Proposed Scheduling Order as follows:

1. Parties' deadline to complete production of documents is **July 26, 2019.**

2. Parties' deadline to complete fact discovery is **November 22, 2019.**

3. Parties' deadline for expert disclosure is **September 30, 2019.**

4. Parties' deadline for expert rebuttal is **October 31, 2019.**

5. Parties' deadline to mediate is **November 15, 2019.**

6. Parties' deadline for expert discovery is **November 22, 2019.**

7. Parties' deadline to file dispositive motions is **December 16, 2019.**

---

[1] Plaintiffs and Defendants may hereinafter be individually referred to as a "Party" or collectively referred to as the "Parties."

---

8.   Parties' deadline to file oppositions to dispositive motions is **January 15, 2020.**

9.   Parties' deadline to file replies to dispositive motions is **February 5, 2020.**

10.  Summary judgment hearing is set for **February 19, 2020.** *8:30 a.m.*

11.  Deadline to meet and confer with opposing counsel is **April 1, 2020.**

12.  Deadline to exchange exhibits is **April 3, 2020.**

13.  Trial Announcement is set for **April 9, 2020.**

14.  Pre-trial filing is due **April 10, 2020.**

15.  Trial is set to begin on **April 13, 2020.**

*SO ORDERED*
*This 10 April 2019*
*95th District Court*

**APPROVED AND AGREED:**

/s Ernest Martin, Jr.
Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Adrian Azer
State Bar No. 24048332
adrian.azer@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
**HAYNES AND BOONE, L.L.P.**
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:   (214) 651-5000
Telecopier:   (214) 651-5940

ATTORNEYS FOR PLAINTIFFS BOY
SCOUTS OF AMERICA, CONNECTICUT
YANKEE COUNCIL, SPIRIT OF
ADVENTURE COUNCIL, ALOHA
COUNCIL, CASCADE PACIFIC
COUNCIL

s/ Todd M. Tippett
Todd M. Tippett
Texas Bar No. 24046977
ttippett@zelle.com
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

James P. Ruggeri (admitted *pro hac vice*)
jruggei@goodwin.com
Joshua D. Weinberg (admitted *pro hac vice*)
jweinberg@goodwin.com
Abigail W. Williams (admitted *pro hac vice*)
awilliams@goodwin.com
**SHIPMAN & GOODWIN LLP**
1875 K St NW, Suite 600
Washington, DC 20006
Telephone: 202-469-7750
Facsimile:  202-469-7751

ATTORNEYS FOR DEFENDANTS
THE HARTFORD ACCIDENT AND
INDEMNITY COMPANY AND FIRST
STATE INSURANCE COMPANY