# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, CONNECTICUT YANKEE COUNCIL, SPIRIT OF ADVENTURE COUNCIL, ALOHA COUNCIL, CASCADE PACIFIC COUNCIL<br><br>Plaintiffs,<br><br>v.<br><br>THE HARTFORD ACCIDENT AND INDEMNITY CO., FIRST STATE INSURANCE CO.<br><br>Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 19-CV-1318 |

### AFFIDAVIT OF AUDREY A. KUBAS

**STATE OF CONNECTICUT** :
                                                  :
**COUNTY OF HARTFORD** :

BEFORE ME, the undersigned Notary Public, on this day, personally appeared AUDREY A. KUBAS, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. My name is Audrey A. Kubas. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am a claims specialist in the Strategic Claim Management Group at The Hartford in Hartford, Connecticut, and am directly involved with the handling of the Boy Scouts of America ("BSA") account.

1

App.002

3. I submit this affidavit in support of Defendants Hartford Accident and Indemnity Company ("Hartford A&I") and First State Insurance Company's ("First State") (collectively, "Hartford") Opposition to Plaintiffs' Motion to Remand filed by Boy Scouts of America ("BSA"), Connecticut Yankee Council ("Connecticut Council"), Spirit of Adventure Council ("Spirit Counsel"), Aloha Council, and Cascade Pacific Council ("Cascade Council").

4. Hartford issued a number of primary, umbrella and/or excess policies to BSA for certain periods from September 21, 1971 to January 1, 1978.

5. For several years, BSA has tendered underlying sexual abuse lawsuits to Hartford. Hartford defended and settled claims on behalf of BSA. BSA or its counsel, rather than the local councils, interacted with Hartford, including communicating selection of counsel, settlement and resolution of any disputes.

6. Over the past decade, Hartford and BSA have had at least two disputes regarding the availability and scope of coverage available under the Hartford policies. Hartford and BSA are parties to two separate written settlement agreements resolving those prior disputes; neither Connecticut Council, nor any of the other local councils are parties to those agreements. The terms of the settlement agreements (but not their existence) are confidential.

7. Hartford has informed BSA of its positions, dating back to at least 2012. None of the local councils, however, has written separately to Hartford to express disagreement with Hartford's positions regarding these issues.

8. Hartford has continued to participate in funding settlements of underlying claims during the pendency of this coverage action. Those settlements are confidential.

9. Many of the claims that Hartford is not defending and has not settled are cases that BSA (and the councils) never tendered to Hartford.

10. Attached as Exhibit A is a true and correct copy of the August 2, 2018 letter from T. Hill regarding the case styled *John Doe 1, et al. v. Boy Scouts of America Corporation, et al.*, Cause No. FSTCV185019749 filed in the Superior Court of the State of Connecticut. Hartford is seeking leave of the Court to file Exhibit A under seal.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Audrey A. Kubas*
Audrey A. Kubas

Sworn to me this
15th day of July, 2019
Notary Public /s/ Diane H. McKeegan

County of Tolland
Town of Ellington

My Commission Expires:

Diane H. McKeegan
NOTARY PUBLIC
State of Connecticut
My Commission Expires April 30, 2022

3

App.004