IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA, CONNECTICUT YANKEE COUNCIL, SPIRIT OF ADVENTURE COUNCIL, ALOHA COUNCIL, CASCADE PACIFIC COUNCIL<br><br>Plaintiffs,<br><br>v.<br><br>THE HARTFORD ACCIDENT AND INDEMNITY CO., FIRST STATE INSURANCE CO.<br><br>Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 3:19-cv-1318-B |

**PLAINTIFFS' REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO REMAND**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 3

    A. This Court Has Repeatedly Held That the Appropriate Standard To Evaluate Improper Joinder Is "Absolutely No Possibility" of a Claim. ...................3

    B. The Connecticut Council's Petition Establishes Its Claim Against Hartford. ...............................................................................................................4

        1. The Connecticut Council's Petition Establishes More Than The "Possibility" Of a Claim Against Hartford. ..........................................4

        2. This Court Need Not Consider Any Evidence Outside the Connecticut Council's Petition. ..................................................................5

    C. Even if Evidence Outside the Petition Is Considered, It Establishes That the Connecticut Council Has A Justiciable Declaratory Judgment Claim. ......................................................................................................6

        1. The Evidence Substantiates The Connecticut Council's Claim Against Hartford. .......................................................................................6

        2. Hartford's Reliance on *Heritage Bank* Is Misplaced as That Case Is Entirely Inapplicable. ...................................................................9

III. CONCLUSION ................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Heritage Bank v. Redcom Laboratories, Inc.*,
   250 F.3d 319 (5th Cir. 2001) ...............................................................................................9, 10

*Miller v. Giesecke & Devrient Am., Inc.*,
   2007 WL 518557 (N.D. Tex. Feb. 20, 2007).................................................................. *passim*

*Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC*,
   2007 WL 2229050 (N.D. Tex. Aug. 3, 2007)................................................................3, 4, 5, 7

*Smallwood v. Illinois Cent. R.R. Co.*,
   385 F.3d 568 (5th Cir. 2004) ..................................................................................................4, 6

*Transp. Ins. Co. v. Franco*,
   821 S.W.2d 751 (Tex. App.—Amarillo 1992, writ denied) ........................................................7

*Travis v. Irby*,
   326 F.3d 644 (5th Cir. 2003) ........................................................................................1, 3, 5, 8

*Underwriters at Interest on Cover Note v. Nautronix, Ltd.*,
   79 F.3d 480 (5th Cir. 1996) ........................................................................................................8

*Vinings Ins. Co. v. Byrdson Servs. LLC*,
   2016 WL 3567057 (E.D. Tex. June 13, 2016).................................................................4, 5, 7

## I.     INTRODUCTION

Hartford has failed to meet its heavy burden of establishing that the Connecticut Yankee Council (the "Connecticut Council") is an improperly joined plaintiff.  Specifically, Hartford has failed to establish that there is "absolutely no possibility" that the Connecticut Council has claims against Hartford.  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

The Connecticut Council is a named insured under the Hartford policies and therefore entitled to seek coverage from Hartford.  Hartford has denied its obligation to provide coverage to the Connecticut Council for certain sexual-abuse claims that are currently pending.  As such, the Connecticut Council filed a claim for declaratory judgment in Texas state court seeking a determination of its rights under the Hartford policies, including Hartford's obligation to pay defense costs resulting from pending claims and any judgments and settlements that may arise.  Pursuant to Texas law, this constitutes a justiciable claim to resolve a dispute as to the parties' rights and obligations under an insurance policy.  Thus, based on the petition alone, the Connecticut Council has appropriate claims that must be considered when analyzing diversity jurisdiction, and the Connecticut Council defeats complete diversity.

Although the Court may limit its analysis to the Connecticut Council's petition, Hartford argues that the Court should look to discovery produced and that discovery purportedly evidences a lack of a justiciable claim.  Even if this discovery is considered, it too establishes that the Connecticut Council has a justiciable declaratory judgment claim against Hartford.  The Connecticut Council has provided Hartford evidence that claims are ***currently pending*** where defense costs are accruing monthly and where indemnity may result.  These defense costs and indemnity amounts would be due and owing from Hartford but for Hartford's improper position on insurance coverage.  Thus, the discovery establishes that the Connecticut Council has a justiciable declaratory judgment claim and is not an improperly joined plaintiff.

Hartford does not dispute the above facts, but instead predicates its improper joinder argument on speculation. Hartford contends that the Connecticut Council will never seek amounts under its policies because Boy Scouts of America has previously paid defense and indemnity amounts and will continue to do so. Hartford provides absolutely no evidence or support for this proposition and cannot do so given that it is attempting to predict future conduct. Indeed, Hartford cannot avoid the fact that, absent its improper position on coverage, it would owe any defense costs incurred by the Connecticut Council in the defense of the pending claims. Moreover, Hartford's position is contrary to Texas law that holds that "[a]n actual right of action in one party against another in which consequential relief might be granted need not exist before one is entitled to file suit for declaratory relief." *Miller v. Giesecke & Devrient Am., Inc.*, No. 3:06-CV-1466-D, 2007 WL 518557, at *4 (N.D. Tex. Feb. 20, 2007). That is exactly the case here with respect to the Connecticut Council.

Hartford also attempts avoid its burden of establishing no "possibility" of claim by arguing that the federal standard for ripeness applies when analyzing the Connecticut Council's claim; this standard is inapplicable. On at least two occasions, this Court has examined declaratory judgments under the improper joinder standard and did not rely on the federal standard for ripeness. Instead, the courts examined whether the plaintiff had a viable claim under the Texas Declaratory Judgment Action ("TDJA"). As noted above, the Connecticut Council has appropriate claims under the TDJA.

Accordingly, the Connecticut Council has a justiciable declaratory judgment claim against Hartford and is a proper plaintiff that destroys complete diversity. Therefore, remand to the Texas state court is appropriate.

## II.     ARGUMENT

**A.     This Court Has Repeatedly Held That the Appropriate Standard To Evaluate Improper Joinder Is "Absolutely No Possibility" of a Claim.**

It is well established that a party seeking to remove a case to federal court pursuant to the improper joinder doctrine has the heavy burden to prove that there is "*absolutely no possibility*" that the non-diverse plaintiff will be able to establish a cause of action against the defendant. *Travis*, 326 F.3d at 647 (emphasis added).  The court need only find *any* reasonable basis for predicting that the plaintiff may establish a claim against the defendant under state law.  *Id.* Courts throughout the Fifth Circuit have repeatedly applied this standard when evaluating improper joinder, including with respect to declaratory judgment claims.  *See Miller*, 2007 WL 518557, at *3; *Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC*, No. 3:07-CV-0102-D, 2007 WL 2229050, at *2 (N.D. Tex. Aug. 3, 2007).

Hartford attempts to avoid this standard by arguing that this Court should utilize the Fifth Circuit's two-part ripeness standard when evaluating improper joinder—(1) fitness of the issues for judicial decision and (2) hardship to the parties of withholding court consideration.  *See* Harford Opp'n at 10.  This federal standard is inapplicable—the appropriate standard is "absolutely no possibility" of a claim.

When analyzing motions to remand asserting improper joinder, courts in the Fifth Circuit have not utilized the ripeness standard for federal declaratory judgment claims.  *See Miller*, 2007 WL 518557, at *4 (holding that it was only necessary that the court find that the declaration sought will resolve "a justiciable controversy as to the rights and status of the parties" and "not merely a theoretical dispute"); *Prime Income*, 2007 WL 2229050, at *5 (finding a declaratory judgment "appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought").  Instead, those courts

3

utilized the "no possibility" of a claim standard; indeed, the court in *Miller* rejected the defendant's reliance upon a case analyzing a plaintiff's standing to bring a federal declaratory judgment claim and its ripeness. *Miller*, 2007 WL 518557, at *4 n.5.

As in *Miller* and *Prime Income*, the Connecticut Council seeks a declaratory judgment under the TDJA and need only establish "any possibility" of a justiciable claim under the TDJA. Texas courts liberally construe the TDJA to allow parties to pursue claims where an actual controversy exists over an insurer's obligations. *See, e.g.*, *Vinings Ins. Co. v. Byrdson Servs. LLC*, No. 1:14-CV-525, 2016 WL 3567057, at *5 (E.D. Tex. June 13, 2016). As discussed below, the Connecticut Council's petition and the discovery produced satisfy this standard.

**B.     The Connecticut Council's Petition Establishes Its Claim Against Hartford.**

    **1.     The Connecticut Council's Petition Establishes More Than The "Possibility" Of a Claim Against Hartford.**

When evaluating improper joinder, the Court may limit its analysis to the allegations of the complaint and its attachments to determine whether it states a claim under state law. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004). In doing so, the Court should conduct a 12(b)(6)-like analysis to determine whether the complaint states a claim under state law. *Id*. The court must construe the complaint in the light most favorable to the plaintiff, accept as true the well-pleaded factual allegations, and draw all reasonable inferences in the plaintiff's favor. *Prime Income*, 2007 WL 2229050, at *2. If a plaintiff can survive this Rule 12(b)(6)-like challenge, joinder is proper. *Id.* at *2–3.

With respect to a declaratory judgment claim, a justiciable controversy exists where the declaration sought will resolve a real and substantial controversy—not merely a theoretical dispute—as to the rights of the parties. *Miller*, 2007 WL 518557, at *4. A declaratory judgment claim is neither hypothetical nor contingent where it seeks to resolve a dispute as to the parties'

4

rights and obligations under an insurance policy. *See Vinings*, 2016 WL 3567057, at *5; *Prime Income*, 2007 WL 2229050, at *6. However, a party need not seek consequential relief for a TDJA claim to exist. *Miller*, 2007 WL 518557, at *4.

The Connecticut Council's petition and its attachments demonstrate that the Connecticut Council seeks a declaratory judgment that will resolve a dispute as to its contractual rights under the Hartford policies. *See* BSA's Mot. to Remand [Doc. No. 1-2] (Pl.'s Orig. Pet.).[1] The petition specifically notes that the Connecticut Council is a named insured under the Hartford policies. *See* BSA's Mot. to Remand Ex. 4-A (App. 203, 370, 438) (Hartford Primary Policy); Ex. 4-B (App. 511) (Hartford Excess Policy); Ex. 3 (App. 010) (Flowers Aff., ¶¶ 4, 6). Moreover, the petition notes that the Connecticut Council seeks coverage under the Hartford policies for pending sexual-abuse claims, but Hartford has refused to provide coverage. *See* BSA's Mot. to Remand (Pl.'s Orig. Pet.). Hartford does not dispute any of the above.

Based on the allegations in the petition alone, the Connecticut Council has a justiciable declaratory judgment claim against Hartford as it is seeking a resolution of its contractual rights. Hartford has failed to present any evidence that the Connecticut Council is not an insured under its policies, nor does Hartford dispute that it is denying the Connecticut Council coverage. As such, the Connecticut Council has a justiciable declaratory judgment claim against Hartford and is a proper plaintiff for evaluating diversity jurisdiction.

**2. This Court Need Not Consider Any Evidence Outside the Connecticut Council's Petition.**

Hartford nevertheless contends that the Court should consider discovery produced when evaluating improper joinder. For the Court to consider evidence outside the petition, the petition must misstate or omits facts that would determine whether joinder is proper. *Travis*, 326 F.3d at

---

[1] To avoid submitting duplicate exhibits, Plaintiffs refer to the exhibits attached to their Motion to Remand.

649; *Smallwood*, 385 F.3d at 573. In such circumstances, the court may perform a summary inquiry. *Smallwood*, 385 F.3d at 573.

Hartford has not established that the Connecticut Council's petition misstates or omits any facts. Indeed, as previously discussed, Hartford does not identify any misstatement in the petition as Hartford does not dispute that the Connecticut Council is a named insured under its policies, has pending claims, and is seeking coverage for those pending claims. Thus, the Connecticut Council's petition is sufficient to defeat Hartford's improper joinder arguments.

### C. Even if Evidence Outside the Petition Is Considered, It Establishes That the Connecticut Council Has A Justiciable Declaratory Judgment Claim.

#### 1. The Evidence Substantiates The Connecticut Council's Claim Against Hartford.

If the Court were to look past the pleadings, it "*must* also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Smallwood*, 385 F.3d at 573 (emphasis added). It "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74. The "motive or purpose of the joinder" of the non-diverse party "is not relevant." *Id.* at 574. Here, the evidence produced by the Connecticut Council establishes more than the mere "possibility" of a claim against Hartford; it establishes a justiciable declaratory judgment claim.

First, the Connecticut Council has provided Hartford evidence that claims are currently pending against it, where outside counsel is defending the Connecticut Council. *See* BSA's Mot. to Remand Ex. 3-A (App. 016) (John Doe Compl., ¶¶ 5–6). Defense counsel is accruing monthly defense costs on behalf of the Connecticut Council that would otherwise be due and owing from Hartford but for Hartford's position on coverage. *See* BSA's Mot. to Remand Ex. 4 (App. 168-169) (Green Aff. ¶ 10); Ex. 3 (App. 010) (Flowers Aff., ¶ 11). Moreover, given the

6

pendency of these actions, the Connecticut Council may be liable either through judgment or settlement, and Hartford would owe any such amounts.

Hartford nonetheless contends that the Connecticut Council does not have a cognizable claim because any defense costs or indemnity amounts are "obligations [that] are being assumed entirely by Boy Scouts of America." *See* Hartford Opp'n at 11. Hartford goes on to contend that BSA will continue to pay such amounts for the indefinite future: "nor is there any reason to conclude that [the Connecticut Council] will be obligated to do so [pay defense or indemnity amounts] in the future, because BSA has paid and continues to pay all defense expenses and settlements." *Id.* at 2. This is wrought speculation.

As a threshold matter, Connecticut Council is not required to establish that is has paid any past amounts or have a separate right of action "in which consequential relief might be granted" before it is entitled to relief under the TDJA.[2] *See Miller*, 2007 WL 518557, at *4 (citing *Transp. Ins. Co. v. Franco*, 821 S.W.2d 751, 754 (Tex. App.—Amarillo 1992, writ denied)). A justiciable controversy exists under the TDJA as the Connecticut Council seeks a determination of its contractual rights under the Hartford policies. *See Miller*, 2007 WL 518557, at *4; *see also Vinings*, 2016 WL 3567057, at *5; *Prime Income*, 2007 WL 2229050, at *6. And Hartford fails to point to any *discrete* and *undisputed* facts that it would not otherwise be obligated to pay future defense costs and indemnity amounts but for its coverage position, or any facts that would preclude the Connecticut Council from recovering such amounts from Hartford in the Texas Action. *Miller*, 2007 WL 517557, at *3. Moreover, Hartford has not presented any

---

2  Hartford attempts to distinguish the holdings in *Vinings* and *Bailey*, arguing that, unlike the insurers in those cases, Connecticut Council is a putative plaintiff. *See* Hartford Opp'n at 15–16. This distinction is baseless. For the reasons stated here, Connecticut Council, like the insurers in *Vinings* and *Bailey*, is entitled to relief under the TDJA.

7

authority for the proposition that merely because another party has paid past costs, an insured is not entitled to seek future costs from its insurer.[3]

Further, contrary to Hartford's contention, these costs are not "far too uncertain to form the basis of a claim for declaratory relief." *See* Hartford Opp'n at 12. The Connecticut Council is being defended by counsel in the pending claims and these defense costs are due and owing by Hartford monthly. *See* BSA's Mot. to Remand at Ex. 4 (App. 168-169) (Green Aff. ¶ 10); Ex. 3 (App. 010) (Flowers Aff., ¶ 11). The only reason that they are not being paid by Hartford is due to its improper position on coverage. Whether BSA decides to pay these amounts are irrelevant – Hartford has a contractual obligation to do so and the Connecticut Council has filed a claim under the TDJA to force Hartford to comply with its contractual obligations.

Indeed, Hartford's position would create a dangerous precedent. Hartford is attempting to strip the Connecticut Council of its entitlement to coverage because another party has paid past amounts otherwise due and owing from Hartford. Merely because an insured has a friendly affiliate, relative, benefactor or related party that is willing to assist with litigation costs and settlements does not relieve the insurer from its contractual obligations. If Hartford is obligated to pay, BSA certainly would not continue to pay the Connecticut Council's defense costs.

Second, Harford contends that the Connecticut Council's interrogatory responses evidence there it has no justiciable claim against it. This contention is likewise baseless. When examining a plaintiff's interrogatory responses under an improper joinder analysis, a court must consider the responses in the context of the entire record and the status of discovery. *Travis*, 326 F.3d at 649. Considering the entire record and resolving all ambiguities in favor of the

---

[3] Hartford cites to *Underwriters at Interest on Cover Note v. Nautronix, Ltd.*, 79 F.3d 480, 484 (5th Cir. 1996) for the proposition that Connecticut Council has not paid its losses and therefore has no standing to bring a claim against Hartford. However, Hartford's citation to the decision is taken entirely out of context. The full quote reads: "If the *insurer* has paid the entire loss suffered by the insured, *it* is the only real party in interest and must sue in its own name." (emphasis added). That is not the situation presented here.

8

Connecticut Council, the Connecticut Council's discovery responses do not negate its declaratory judgment claim against Hartford.

The Connecticut Council's interrogatory responses note that BSA has paid past amounts, but also notes that its "investigation is ongoing" and that it "reserves the right to supplement this Interrogatory." *See* BSA's Mot. to Remand [Doc. No. 1–3] (Pl.'s Resp. to Hartford Second Set of Interrogs.). Therefore, the responses hardly suggest that it is undisputed that BSA will always pay the Connecticut Council's defense costs and will never seek reimbursement, or that further investigation may not establish that the Connecticut Council has repaid BSA for certain past amounts. Thus, the Connecticut Council's interrogatory responses in fact establish the "possibility" of a declaratory judgment claim against Hartford.

### 2. Hartford's Reliance on *Heritage Bank* Is Misplaced as That Case Is Entirely Inapplicable.

Hartford relies upon *Heritage Bank v. Redcom Laboratories, Inc.* to argue that the Connecticut Council's declaratory judgment claim is speculative. 250 F.3d 319, 323 (5th Cir. 2001). The holding in *Heritage Bank* is distinguishable.

In *Heritage Bank*, the court held that Heritage Bank improperly joined Fiber Wave, an applicant for a letter of credit issued by Heritage Bank, as a defendant in a declaratory judgment action. *Id.* at 324. The *Heritage* court's decision was based, in part, on Texas law prohibiting a court from ordering a bank to honor a letter of credit in the context of a declaratory judgment action. *Id.* And, as Hartford has recognized, the court reasoned that Heritage Bank's claim against Fiber Wave for reimbursement was entirely contingent upon a finding that the bank improperly dishonored the beneficiary's presentment and was, therefore, speculative. *Id.*

Unlike Fiber Wave's reimbursement obligation, the Connecticut Council's claim against Hartford is not precluded by law in the context of a declaratory judgment action. *Id.* at 324. As

9

a named insured, Hartford is directly liable to the Connecticut Council and but for Hartford's coverage position, Hartford would owe the monthly defense costs incurred by the Connecticut Council. Thus, unlike in *Heritage Bank*, Hartford's liability is not contingent as it is obligated to pay the on-going defense costs and any indemnity amounts that may accrue. For this reason, *Heritage Bank* is inapplicable and Hartford's reliance on this decision is misplaced.

### III.   CONCLUSION

The Connecticut Council respectfully requests that this matter be remanded to the Texas state court and that this Court grant the Connecticut Council its costs and expenses, including reasonable attorney's fees and costs incurred because of the removal, and such other and further relief to which the Connecticut Council may be properly entitled.

Dated: July 26, 2019

Respectfully submitted,

/s/ *Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
ernestmartin@haynesboone.com
Carla Green
State Bar No. 24097762
carlagreen@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Telecopier:   (214) 651-5940

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was electronically served on all counsel of record, on the 26th day of July, 2019, accordance with the Federal Rules of Civil Procedure.

| | |
|---|---|
| Todd M. Tippett | James P. Ruggeri |
| ttippett@zelle.com | jruggeri@goodwin.com |
| Zelle LLP | Joshua D. Weinberg |
| 901 Main Street, Suite 4000 | jweinberg@goodwin.com |
| Dallas, Texas 75202-3975 | Abigail W. Williams |
| Telephone: 214-742-3000 | awilliams@goodwin.com |
| Facsimile: 214-760-8994 | Shipman & Goodwin LLP |
| | 1875 K Street NW, Suite 600 |
| | Washington, District of Columbia 20006-1251 |
| | Telephone: 202-469-7752 |
| | Facsimile: 202-469-7751 |

*/s/  Ernest Martin, Jr.*
Ernest Martin, Jr.

4821-0894-3005 v.1

11