UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA; | § | |
| CONNECTICUT YANKEE | § | |
| COUNCIL; SPIRIT OF ADVENTURE | § | |
| COUNCIL; ALOHA COUNCIL; and | § | |
| CASCADE PACIFIC COUNCIL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1318-B |
| | § | |
| THE HARTFORD ACCIDENT & | § | |
| INDEMNITY COMPANY and FIRST | § | |
| STATE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Transfer Venue to the U.S. District Court for the District of Delaware (Doc. 27) and Plaintiffs' Motion for Abstention and Remand (Doc. 29). For the reasons stated below, the Court **GRANTS** Plaintiffs' Motion and **DENIES** Defendants' Motion as **MOOT**.

I.

## BACKGROUND

A.    *Factual Background*

This is an insurance-coverage dispute that arises out of sexual-assault lawsuits filed against Boy Scouts of America and several of its local councils. Boy Scouts of America is a well-known youth-development organization that operates across the country. Doc. 1-2, Original Pet., ¶ 13. The Boy Scouts works with local organizations to implement its scouting program. *Id.* ¶ 14. These

organizations—often churches, clubs, or other educational groups—are supported by local councils. *Id.*

Boy Scouts of America and several of its local state councils filed this lawsuit in Texas state court against Defendants—The Hartford Accident and Indemnity Company and First State Insurance Company (referred to together as "Hartford")—for the improper denial of coverage under various general and excess liability policies issued by Hartford. *See generally* Doc. 1-2, Original Pet..

The Boy Scouts maintains a "comprehensive, broad insurance program" for "its many activities and local councils throughout the country[.]" *Id.* ¶ 15. Relevant to this case, the Boy Scouts purchased several general liability, umbrella, and excess liability insurance policies from Hartford. Doc. 4, Mot. to Remand, 4. Under the policies, Hartford agreed to cover sums that the Boy Scouts would be "obligated to pay as damages because of personal injury . . . ." Doc. 1-2, Original Pet., ¶ 21. Hartford also agreed to defend and indemnify the insured in personal injury suits. *Id.* ¶¶ 22–23.

Recently, the Boy Scouts and its local councils have been sued by various youth participants for sexual-abuse-related injuries suffered while participating in various scouting programs. *Id.* ¶ 16. These sexual-assault victims generally allege that the Boy Scouts and the respective local councils were negligent in failing to prevent the abuse. *Id.* ¶ 18.

The Boy Scouts and the local councils allege that some of these underlying sexual-abuse lawsuits are covered by their insurance policies with Hartford. *Id.* ¶ 25. They further allege that they provided Hartford with notice of these lawsuits but that Hartford has denied its coverage obligations under the policies, including coverage for defense costs and indemnity payments associated with these lawsuits. *Id.* ¶¶ 26–27.

B.    *Procedural History*

On June 5, 2018, the Boy Scouts and local councils filed their Original Petition against Hartford in the District Court for the 95th Judicial District of Dallas County, Texas. Doc. 1-2, Original Pet. Plaintiffs assert the following claims against Hartford: (1) declaratory judgment; (2) breach of contract; and (3) violations of Chapter 542 of the Texas Insurance Code. *Id.* ¶¶ 33–57.

The case progressed in state court until May 31, 2019, when Hartford filed a notice of removal in this Court. Doc. 1, Notice of Removal. In its notice of removal, Hartford argued that the Court may exercise subject matter jurisdiction over this case under 28 U.S.C. § 1332, because although Connecticut Council and Hartford are citizens of Connecticut, Connecticut Council was improperly joined and thus its citizenship should not be considered for the purpose of assessing the validity of diversity jurisdiction. *Id.* at 2–7. Hartford alleged that, through initial discovery conducted in state court, it learned that Connecticut Council did not have a justiciable claim against Hartford in this action. *Id.* at 3–5.

On June 21, 2019, Plaintiffs filed a motion to remand the case to state court on the ground that Connecticut Council was properly joined and therefore diversity of citizenship did not exist. Doc. 4, Mot. to Remand, 1–3. However, while the motion was pending, the Boy Scouts filed a Chapter 11 case in the United States Bankruptcy Court for the District of Delaware. *See In re Boy Scouts of America*, Lead Case No. 20-10343 (Bankr. D. Del. Feb. 18, 2020). Defendants asserted that because of the bankruptcy, this Court has an independent basis for jurisdiction over this matter because it is "related to" to a Chapter 11 case. *See* Doc. 23, Defs.' Resp., 3–4 (citing 28 U.S.C. § 1334(b)).

On March 10, 2020, the Court denied Plaintiffs' motion to remand. Doc. 26, Mem. Op. &

Order. Although the Court agreed with Plaintiffs that Connecticut Council was not an improperly joined party and thus the Court lacked diversity jurisdiction, the Court denied Plaintiffs' motion on the basis that the Boy Scouts' bankruptcy proceeding seemed to provide the Court with "related to" jurisdiction over this matter. *Id.* at 16. However, as the proper vehicle to resolve the viability of this new jurisdictional ground was not before the Court, the Court denied Plaintiffs' motion without prejudice to refiling a second motion to remand based on "related to" jurisdiction (or the lack thereof). *Id.* The Court also advised the parties that it was interested in hearing arguments on abstention and venue. *Id.* at 16–17. The Court ordered Plaintiffs to file their second motion to remand, if they so desired, on or before March 31, 2020. *Id.* at 17.

On March 26, 2020, Defendants filed a motion to transfer venue to the U.S. District Court for the District of Delaware (Doc. 27). In this motion, Defendants argue that the bankruptcy court administering the Boy Scouts' bankruptcy case would be better suited to resolve the claims at issue here. Doc. 28, Defs.' Br., 4. Defendants assert that this Court can effect a transfer under 28 U.S.C. § 1412, which provides that "a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." *Id.* at 5–6 (quoting 28 U.S.C. § 1412).

On March 31, 2020, Plaintiffs filed a response to Defendants' motion to transfer, combined with their own motion for abstention and remand. First, Plaintiffs assert that mandatory abstention under 28 U.S.C. § 1334(c)(2) applies, requiring this Court to remand the case back to Texas state court. Doc. 29, Pls.' Mot. & Resp., 2. Next, Plaintiffs contend that the Court also has a basis to remand the case under 28 U.S.C. § 1334(c)(1), which provides for permissive abstention, and § 1452(b), which provides for equitable remand. *Id.* Finally, Plaintiffs respond to Defendants'

argument that a transfer would be appropriate in this case—Plaintiffs assert that (1) mandatory abstention should be applied in the first instance before a transfer; (2) Delaware is not the most convenient forum; and (3) transfer to Delaware would not serve the interest of justice. *Id.* The Boy Scouts—as the debtor in the bankruptcy proceeding—believes that Texas state court would still be the most convenient forum. *Id.*

These crossmotions are now ripe for review, and the Court addresses them below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). 28 U.S.C. § 1334(b) confers to federal district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Section 1334(b) identifies three types of jurisdiction: 'arising under' jurisdiction; 'arising in' jurisdiction; and 'related to' jurisdiction." *WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 604 (S.D. Tex. 1999). "It is unnecessary to distinguish the three types of jurisdiction to determine the scope of a district court's jurisdiction; the action must only 'relate to' a bankruptcy proceeding for a district court to exercise jurisdiction." *Id.* (citing *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987)).

"A proceeding is 'related to' a bankruptcy case if the proceeding could have been commenced in federal or state court independently of the bankruptcy case, and if the outcome of that proceeding could have an impact on the estate being administered in bankruptcy." *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782 (E.D. Tex. 2001) (citing *Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 575

(S.D. Miss. 2001)). "Further, 'an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), and which in any way impacts upon the handling of the bankrupt estate.'" *Id.* (citing *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988)).

28 U.S.C. § 1452(a) provides for removal of claims where jurisdiction is conferred to the district court under § 1334. Specifically, the statute states that:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). However, even when jurisdiction is proper under § 1334(b), district courts must abstain from hearing such cases in certain circumstances. For example, they must abstain in cases "involving state-law claims for which the sole basis of bankruptcy jurisdiction is 'related to' jurisdiction, even for cases which have been removed to federal court." *Broyles*, 266 B.R. at 782 (citation omitted). Specifically, § 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). The Fifth Circuit interprets "this provision to mandate federal court abstention . . . ." *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 300 (5th Cir. 2007).

The party seeking mandatory abstention must show that:

> (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b);
> (2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11;

(3) an action has been commenced in state court; and

(4) the action could be adjudicated timely in state court.

*Id.* (alterations incorporated) (quoting *Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 239 (5th Cir. 1997)).

## III.

## ANALYSIS

The threshold issue, and the dispositive one, is whether the Court should first address Defendants' motion to transfer venue or Plaintiffs' motion for abstention and remand. Based on decisions from other courts that have confronted this issue, the Court will decide the motion for abstention and remand first.

Turning to that motion, the Court finds that mandatory abstention applies here. The Court thus **REMANDS** this case to Dallas County district court.

A.    *Motion to Transfer Versus Motion for Abstention and Remand*

Defendants filed their motion to transfer first. *See* Doc. 28, Defs.' Mot., 1. Invoking 28 U.S.C. § 1412, they seek to transfer this matter to the U.S. District Court for the District of Delaware because that is where the Boy Scouts' bankruptcy case is being administered. *Id.* Defendants claim that a transfer can be effected under § 1412 because this Court has "related to" jurisdiction with the bankruptcy case under § 1334(b). *Id.* Further, Defendants assert that transfer is convenient because the parties here are already litigating in the Delaware bankruptcy court and that transfer is "the most economical and efficient path for administration of the bankruptcy and the insurance coverage disputes." *Id.* at 1–2.

Plaintiffs oppose transfer and instead seek a remand. Doc. 29, Pls.' Mot., 1–2. They argue that

this action was filed in Texas state court almost two years before they filed for bankruptcy in Delaware. *Id.* They assert that the Texas state court is a more convenient forum than the Delaware bankruptcy court to resolve this dispute, as the Texas court handled the case through discovery until it was removed, and is familiar with the issues. *Id.* Finally, Plaintiffs note that the Boy Scouts originally chose Texas state court as a forum for this litigation two years before filing for bankruptcy. *Id.* at 2. What's more, the Boy Scouts, as the debtor in the bankruptcy case, opposes the transfer because it believes that transfer would be neither economical nor efficient. *Id.* As such, Plaintiffs argue that this Court should decide the motion to remand first and then remand the case back to Texas state court. *Id.*

At the outset, the Court must decide which of these motions to address first. Defendants argue that venue transfer is a "threshold issue." Doc. 32, Defs.' Reply, 7–8. They assert that this Court should, as other courts in this circuit have, exercise its discretion to decide the venue issue first. *Id.* (citing *Dos Santos v. Air China Ltd.*, 2019 WL 3941290, at *1 (W.D. Tex. Aug. 21, 2019)). Defendants quote a proposition from *Dos Santos* that "[f]ederal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district." *Id.* at 8 (quoting *Dos Santos*, 2019 WL 3941290, at *1); *see also id.* at 8 n.1 (collecting cases that support this proposition). Defendants note that it is "particularly appropriate" to decide venue before remand "where a related suit is already pending in the transferee district." *Id.* (quoting *Hardwick v. Factor*, 2011 WL 1831706, at *2 (S.D. Tex. May 9, 2011)).

Plaintiffs, on the other hand, argue that the weight of authority favors deciding the abstention issue before the venue issue. Doc. 33, Pls.' Reply, 2. According to Plaintiffs, courts rule on motions to abstain first because they are "jurisdictional and dispositive." *Id.* at 3 & n.3 (collecting cases).

Plaintiffs further contend that the cases that Defendants have cited, like *Dos Santos*, are inapposite as they involve remand but not abstention. *Id.* at 3 n.4.

The Fifth Circuit has not decided this issue. But district courts in this circuit have, albeit in procedural circumstances that differ slightly from those presented here. Reviewing these cases, it appears that these district courts apply a case-specific approach when deciding which of these competing motions to address first. Below, the Court lays out this case law, and then considers how the circumstances that swayed those decisions compare to those presented here.

The Court starts with *Marquette Transportation Co. v. Trinity Marine Products, Inc.*, 2006 WL 2349461 (E.D. La. Aug. 11, 2006). *Marquette* involved a group of product-liability cases that were originally filed in Louisiana state court. 2006 WL 2349461, at *1. The cases progressed in state court at varying stages until one of the defendants filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Illinois. *Id.* Based on the bankruptcy case, the defendants began removing the cases under 28 U.S.C. § 1452 to the Eastern District of Louisiana. *Id.* Once they all reached federal court, the plaintiffs in these cases moved for remand based on lack of federal jurisdiction or, alternatively, abstention. *Id.* at *2. The defendants then, under § 1412, filed crossmotions to transfer the cases to the Northern District of Illinois where the bankruptcy proceeding was pending. *Id.* The cases were then consolidated before a single judge to decide the competing motions. *Id.*

The district court was faced with the same problem that this Court faces—which of these motions must be, or should be, decided first? The court noted that each side "vociferously" argued that the applicable case law supported their position: plaintiffs' that subject matter jurisdiction, and thus remand, needed to be resolved first; defendants' that transfer to the bankruptcy court should

happen first as the jurisdictional issue was intertwined with the circumstances of the bankruptcy proceeding. *Id.* at *2 & n.12.

The district court decided that the motion to transfer should be resolved first. In reaching this conclusion, the court recognized "that there is authority supporting the proposition that jurisdiction must be determined first as well as authority that it need not be determined prior to transfer." *Id.* at *2 n.12. "However," the court continued, "no cited authority is binding precedent and the posture of these consolidated cases and the pending bankruptcy, in conjunction with its possible dismissal and the reasons therefor, favor transfer to the bankruptcy court before resolving the jurisdictional issue." *Id.* To elaborate, the district court's only basis for subject matter jurisdiction was its relationship to the bankruptcy; the court did not have federal question or diversity jurisdiction. *Id.* at *2. The bankruptcy, however, was a shaky basis for jurisdiction—at the time these motions were being decided, motions to dismiss the bankruptcy proceeding were pending. *Id.* at *2 n.11. Various arguments were raised for dismissal of the bankruptcy case, but the Louisiana district court noted that those arguments were not before it. *Id.* Rather, dismissal of the bankruptcy case was "to be determined by the bankruptcy court" in the first instance. *Id.* And because the dismissal of the bankruptcy was so intertwined with § 1334 subject matter jurisdiction over the consolidated Louisiana cases, the district court determined that the issue was better left for the bankruptcy court. *Id.* The court then proceeded to consider the defendants' transfer motions and ultimately found that transfer to the Northern District of Illinois was appropriate.

Subsequently, the *Marquette* case has been relied upon and applied by numerous district courts facing this same issue. As another Eastern District of Louisiana case describes, "[s]ince *Marquette*, other courts in the Fifth Circuit have likewise adopted the case-specific approach when

deciding which to consider first, the motion to transfer venue or the motion to remand for lack of subject-matter jurisdiction." *Union Oil Co. of Calif. v. Shaffer*, 563 B.R. 191, 197 (E.D. La. 2016). Indeed, the cases applying *Marquette* have gone either way. *Compare id.* at 198 (finding "based on the facts and circumstances" of that case that it was "appropriate to consider jurisdiction before venue") *and Briese v. Conoco–Phillips Co.*, 2009 WL 256591, at *3 (W.D. La. Feb. 3, 2009) (deciding jurisdictional issue first because of the minimal impact of the case on the debtor's estate and the defendants' limited interest in the outcome of the bankruptcy proceedings) *with Orix Fin. Corp. v. Nexbank*, 2008 WL 2796069, at *3–4 (N.D. Tex. July 15, 2008) (finding that circumstances warranted deciding whether to transfer before deciding jurisdictional issue).

The question that follows is what "case-specific circumstances" guide these decisions. In *Marquette*, the court's decision was based on the "intertwined" nature of the jurisdictional question related to remand and the "pending bankruptcy proceedings." 2006 WL 2349461, at *2. On the other side of the coin, in *Shaffer*, the district court decided the jurisdictional question first because the plaintiffs had originally filed the case in state court, before any related bankruptcy case was filed, and because the plaintiffs brought only state-law claims. *Shaffer*, 563 B.R. at 197. The court further noted that the case was "pending in state court for quite some time, and the trial date was fast approaching prior to the case being removed." *Id.* at 197–98. Finally, the court found it difficult to conclude that the case would have a substantial effect on the administration of the defendant's bankruptcy. *Id.* at 198. The court then proceeded to decide whether remand based on abstention was appropriate. *Id.* at 198–201.

The Court also finds it worth mentioning one of the cases relied on by the *Shaffer* court was *Briese v. Conoco–Phillips Company*. *Id.* at 197 (discussing 2009 WL 256591, at *3 (W.D. La. Feb. 3,

-11-

2009)). The *Briese* court similarly held that, in contrast to *Marquette*, it was appropriate to analyze jurisdiction before venue. 2009 WL 256591, at *3. The court found a number of circumstances supported this decision: specifically, that the effect of any decision in that case on the nearly concluded bankruptcy proceeding was minimal; that the trustee of the bankruptcy estate opposed transfer and agreed that remand was appropriate; and that the defendant had very little interest in the outcome of the bankruptcy proceedings. *Id. Briese* distinguished *Marquette* by pointing out that, there, the court recognized that the "propriety of defendant[s'] removal pursuant to 28 U.S.C. § 1334 in the consolidated cases would be affected by the outcome of the bankruptcy court's determination of whether defendant IZ was entitled to file for bankruptcy protection." *Id.* (distinguishing *Marquette*, 2006 WL 2349461, at *2 n.11).

In contrast, this Court has previously concluded that it better promoted "the interests of justice" to transfer a motion to abstain/remand to the bankruptcy court familiar with the parties and the case, rather than decide the motion itself. *Orix Fin. Corp.,* 2008 WL 2796069, at *4. Based on the "unique circumstances" of that case, the undersigned found that the bankruptcy judge had "intimate familiarity" with the complex bankruptcy proceedings, which had progressed for two years before Orix had filed suit in this Court. *Id.* at *4. Orix, the party requesting a remand, argued that the bankruptcy court had essentially already abstained from hearing its claims during the bankruptcy proceeding; this Court found, however, that the bankruptcy court was merely trying to move forward with an asset purchase agreement and never had the opportunity to fully consider Orix's last-minute objection and claims in the bankruptcy proceeding. *Id.* at *3. The Court thus concluded that the best way forward was to transfer the case back to the bankruptcy court, which would then have the opportunity to determine the abstention issue in the first instance with the benefit of full briefing. *Id.*

Applying the case-specific approach here, the Court finds that the circumstances align more closely with those in *Shaffer* and *Briese* than in *Marquette* and *Orix*.

To start, the civil suit here between the Boy Scouts and Hartford began long before the Boy Scouts filed for Chapter 11 protections in bankruptcy court. *See* Doc. 29, Pls.' Mot. & Resp., 3–4. The Boy Scouts and its local councils filed this action on June 5, 2018, and almost a year of litigation ensued in state court—during this time, discovery was conducted, a motion for summary judgment was briefed and set for hearing, and a trial date was set for April 13, 2020. Doc. 33, Pls.' Reply, 6. Then, only after the case was removed and a motion to remand was filed, the Boy Scouts filed its Chapter 11 petition in Delaware bankruptcy court on February 18, 2020. Doc. 29, Pls.' Mot., 4. Similarly, in *Shaffer*, the court recognized that the case had more of a connection to Louisiana state court than to the Southern District of New York, where the related bankruptcy case was pending. *See* 563 B.R. at 197–98. The court noted that the case had been "pending in state court for quite some time, and the trial date was fast approaching prior to the case being removed." *Id.* Further, the court continued, "[d]iscovery is, for the most part, complete." *Id.* at 198. These circumstances contributed to the *Shaffer* court's decision to consider jurisdiction before venue. *Id.*; *see also Regions Bank v. JP Realty Partners, Ltd.*, 912 F. Supp. 2d 604, 611–13 (M.D. Tenn. 2012) (deciding jurisdiction first because the bankruptcy litigation was only in its initial filing stages and because jurisdiction turned on an issue of Tennessee law). Like in *Shaffer*, the Court finds that these circumstances weigh in favor of resolving jurisdiction first.

Next, there does not appear to be a dispute in this case that there is and will continue to be "related to" federal jurisdiction under § 1334, regardless of what the Court decides to do. On the other hand, in *Marquette*, while the crossmotions were pending in Louisiana, the bankruptcy court

-13-

was deciding the debtor–defendant's motion to dismiss its bankruptcy petition. *See Marquette*, 2006 WL 2349461, at *5 n.17. *Marquette* recognized that "if the bankruptcy court determine[d] that the [debtor's] bankruptcy should be dismissed because the debtor was never entitled to file for bankruptcy protection then it appears that removal jurisdiction based on the bankruptcy would not have been proper." *Id.* at *2 n.11. Thus, as the district court put it, the motion to remand and the motion to dismiss the bankruptcy proceeding had "intertwined" issues, which the court concluded were best left for the bankruptcy court. *Id.* at *2. Here, as mentioned, the parties do not dispute that this Court has "related to" jurisdiction based on the Boy Scouts' bankruptcy; nor do they argue that the bankruptcy case is facing dismissal or termination that would deprive this Court of that jurisdiction. *See* Doc. 33, Pls.' Reply, 4. Thus, reviewing Plaintiffs' motion to remand, it does not appear that there are issues the Court must decide that are intertwined with issues before the bankruptcy court. This difference weighs against deciding the motion to transfer first.

In a similar vein, this is not a case like *Orix* where the bankruptcy judge had "intimate familiarity" with the parties and the litigation that justified having the bankruptcy judge decide remand in the first instance. 2008 WL 2796069, at *4. Further, there does not appear to be a dispute here that this is a "non-core" proceeding that must be ultimately resolved by a district court. Doc. 33, Pls.' Reply, 4 (noting that Hartford fails to argue anywhere in its briefing that this is a core proceeding). Thus, unlike in *Marquette* or *Orix*, no judicial economy is served here in transferring this action before deciding the motion to remand. Hartford offers no reason for why the Delaware bankruptcy court is "best positioned" to decide the abstention issue.[1] The Court thus concludes that

---

[1] Hartford does assert that it is appropriate to address questions of venue first "where a related suit is already pending in the transferee district." Doc. 32, Defs.' Reply, 8 (quoting *Hardwick*, 2011 WL 1831706,

it is equally capable of resolving the motion to remand because this is a "non-core" proceeding and because the bankruptcy court does not have some pre-existing familiarity with the specific parties or issues involved.

Finally, the Court notes that the debtor here, *i.e.* the Boy Scouts, actually opposes the transfer to the forum where its bankruptcy is pending. *See* Doc. 33, Pls.' Reply, 3; *see also Briese*, 2009 WL 256591, at *2–3 (deciding motion to remand before motion to transfer where debtor and trustee opposed transfer). The Boy Scouts argues that it "has every intention and incentive of having its bankruptcy case administered in a manner that is most efficient and economical." Doc. 33, Pls.' Reply, 3. Further, like in *Briese*, it appears Hartford's "interest in having this matter transferred is minimal because [Hartford has] a limited interest in the outcome of the bankruptcy proceedings." *Briese*, 2009 WL 256591, at *3. Although Hartford has notified the Court that it has filed an adversary proceeding associated with the Boy Scouts' Chapter 11 case, *see* Doc. 34, Notice, 1, the Court is unpersuaded that this proceeding gives Hartford a greater interest in the outcome of the Boy Scouts' bankruptcy. Hartford even acknowledges in its adversary complaint that the proceeding is "non-core," and thus the bankruptcy court administering the Boy Scouts' Chapter 11 case cannot fully resolve its adversary case. Doc. 34-1, Compl., ¶ 10. This also undermines Hartford's assertion

---

at *2). However, as the language that Hartford quoted makes clear, that proposition refers to a completely different situation where a related suit is "*already pending*" in another forum. *Hardwick*, 2011 WL 1831706, at *2 (emphasis added). And that is not the case here. If Hartford is attempting to argue that the "home" bankruptcy court presumption should apply in determining this issue, the Court disagrees. First, courts frequently hold that the presumption is not warranted in "related to" cases, such as this one. *See Shaffer*, 563 B.R. at 204 (citing to *Longhorn Partners Pipeline, L.P. v. KM Liquids Terminals, LLC*, 408 B.R. 90, 102 (Bankr. S.D. Tex. 2009) and *Petroleum Eng'rs Inc. v. Axis Onshore, LP*, 2011 WL 7083662, at *4 (M.D. La. Dec. 14, 2011)). Second, the "home court" presumption goes to the merits of the motion to transfer, not to the preliminary question of whether the Court should first decide the motion to transfer or the motion to remand. *See Shaffer*, 563 B.R. at 204 (discussing the "home court" presumption in deciding a motion to transfer); *Longhorn Partners Pipeline*, 408 B.R. at 102 (same).

that it will be somehow more efficient to send this litigation to a new forum. Doc. 35, Pls.' Resp., 2–3. To add, Hartford has not shown how starting the litigation from square one in a new forum, with a host of new issues and added parties that are tenuously related to this litigation, will somehow be more efficient than just sending the case back to Texas state court. *Id.* The Court thus agrees with the Boy Scouts that this appears to be further gamesmanship on Hartford's part to avoid litigation in a Texas forum. *Id.* at 3.

In sum, applying the case-specific approach distilled from *Marquette* and subsequent cases from this circuit, the Court finds that the circumstances here support deciding Plaintiffs' motion to remand before Hartford's motion to transfer. Specifically, this action preceded the Boy Scouts' bankruptcy case, which is in relative infancy. The state forum is familiar with this proceeding, the parties, and the issues at stake. The jurisdictional grounds that form the basis of the motion to remand are not "intertwined" with the bankruptcy proceeding, and the bankruptcy court administering the Boy Scouts' bankruptcy is not more familiar with the circumstances of this case. Thus, there are no efficiency or judicial-economy-related reasons that support deciding the transfer issue first.

If that were not sufficient, the Court also notes that some cases have concluded that the statutory language of 28 U.S.C. § 1452, in conjunction with the language from §§ 1334 and 1412, indicates that jurisdiction should be decided before venue in this situation. *See Turbine Powered Tech. LLC v. Crowe*, 2019 WL 4054093, at *5 (W.D. La. Aug. 12, 2019). In *Turbine Powered Technologies*, the court was deciding whether to remand a case back to state court that had been removed under § 1452, or whether to transfer it to the District of Arizona, the judicial district of the defendant's Chapter 11 proceeding. *Id.* at *4–5. Starting with § 1452(a), the court noted that the statute allows

-16-

for removal only "to the district court for the district where such civil action is pending, if such district has jurisdiction of such claim or cause of action under section 1334 of this title." *Turbine Powered Tech.*, 2019 WL 4054093, at *5 n.5 (citing § 1452(a) & *In re Engra, Inc.*, 86 B.R. 890, 893 (S.D. Tex. 1988)). Under this provision, removal is proper if the district court where the state action is pending has jurisdiction under § 1334. 28 U.S.C. § 1452(a). Further, § 1452(a) does not provide for removal to the district where the bankruptcy proceeding is pending. And finally, § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action . . . ." 28 U.S.C. § 1452(b); *see also Turbine Powered Tech.*, 2019 WL 4054093, at *3. Turning to the venue statute applicable to bankruptcy proceedings, 28 U.S.C. § 1412 provides "[a] district court *may* transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added).

When read together, according to *Turbine Powered Technologies* and cases cited therein, these statutes appear to require the district court to which the "related to" case is removed to decide whether it has § 1334 jurisdiction in the first instance or whether remand is appropriate. *See Turbine Powered Tech.*, 2019 WL 4054093, at *5 (citing *Regions Bank*, 912 F. Supp. 2d at 611–12 and *Lennar Corp. v. Briarwood Capital LLC*, 430 B.R. 253, 260–61 (Bankr. S.D. Fla. 2010) ("Deciding the jurisdictional issue first is consistent with the removal procedures in the statute.")). Then, when the court is satisfied that jurisdiction is proper, it can transfer the case at its discretion to the home bankruptcy court. *Regions Bank*, 912 F. Supp. 3d at 612 ("As with § 1452, the transfer statute implicitly assumes that the case to be transferred is properly cognizable in bankruptcy prior to transfer, and affords the local bankruptcy court (*i.e.*, the court to which the case was removed)

-17-

discretion as to whether to transfer it."). These courts therefore conclude that the statutory scheme requires the court to which a case is removed to decide whether to remand the case before deciding whether to transfer venue to the home bankruptcy court. *Turbine Powered Tech.*, 2019 WL 4054093, at *5.[2] These cases and the statutory structure lend further support to the Court's decision to assess jurisdiction before venue.

The Court now proceeds to Plaintiffs' motion for abstention and remand.

B.    *Mandatory Abstention Applies; the Court Must Remand This Case.*

As the Court has previously discussed and as the parties seem to agree, this Court has "related to" jurisdiction in this case under § 1334(b). Doc. 26, Mem. Op. & Order, 15–16; Doc. 28, Defs.' Br., 4–5; Doc. 29, Pls.' Mot. & Resp., 5.

However, even when jurisdiction is proper under § 1334(b), district courts must abstain from hearing such cases in certain circumstances. Section 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). The Fifth Circuit interprets "this provision to mandate federal court abstention . . . ." *In re TXNB Internal Case*, 483 F.3d at 300.

---

[2] For other courts that similarly interpret these provisions, see *Barnett v. Dutch Run-Mays Draft, LLC*, 2013 WL 960183, at *6 (S.D. W.Va. Mar. 12, 2013); *In re Scanware, Inc.*, 411 B.R. 889, 896–97 (Bankr. S.D. Ga. 2009); *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 379–80 (Bankr. E.D. Ark. 2003); *In Re AG Indus., Inc.*, 279 B.R. 534, 540 (Bankr. S.D. Ohio 2002). To be clear, the Court does not adopt the holdings from these cases that a court *must* consider jurisdiction before venue. The Court continues to apply the case-specific approach from *Marquette*—however, these decisions are additional persuasive authority that support the Court's choice in this case.

The party seeking mandatory abstention must show that:

(1) the claim has no independent basis for federal jurisdiction, other than § 1334(b);
(2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11;
(3) an action has been commenced in state court; and
(4) the action could be adjudicated timely in state court.

*Id.* (alterations incorporated) (quoting *In re Rupp & Bowman Co.*, 109 F.3d at 239).

Hartford either concedes or fails to respond to Plaintiffs' contention that the first three factors are satisfied. Regardless, Plaintiffs have met these factors.

First, as the Court previously noted, the only remaining basis for jurisdiction here appears to be § 1334(b), and neither party has argued otherwise. *See* Doc. 32, Defs.' Resp., 21 ("Hartford does not dispute this Court's determination that § 1334 is the sole basis for jurisdiction."). Thus, because Plaintiffs original petition involves purely state law issues and because the parties are not diverse, there is no independent basis for federal jurisdiction aside from § 1334(b). *See* Doc. 29, Pls.' Mot. & Resp., 6–7.

Second, the Court finds that this action is not a "core" proceeding. "Mandatory abstention applies only to non-core proceedings—that is, proceedings 'related to a case under title 11,' but not 'arising under title 11, or arising in a case under title 11.'" *Gober v. Terra + Corp. (Matter of Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996) (quoting 28 U.S.C. §§ 157(b)(1), 1334 (c)(2)). "Core proceedings are matters or proceedings that 'are an integral part of the bankruptcy case,' including 'other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor–creditor . . . relationship.'" *WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 606 (citation omitted). In other words, if the proceeding involves a right created by federal bankruptcy law or is one that would arise only in bankruptcy, it is a core proceeding. *In re Wood*, 825 F.2d 90, 97 (5th Cir.

-19-

1987). On the other hand, "'[r]elated-to' matters are those which, because they are peripheral to the concerns of the bankruptcy case and based on extrinsic sources of law, require mandatory abstention." *WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 606. Thus, "[i]f the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding . . . ." *In re Wood*, 825 F.2d at 97.

Here, Plaintiffs contend this case is non-core, and Hartford again does not dispute this characterization.[3] Based on Plaintiffs' arguments and the applicable law, the Court has no trouble concluding that this pre-petition insurance coverage action is a non-core proceeding as it does not invoke a substantive right created by federal bankruptcy law and is a case that can exist outside of bankruptcy. *See WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 609 ("[A] state law contract . . . action that is not based on any right created by the federal bankruptcy law, and that could arise outside the context of bankruptcy, is not a core proceeding."); *see also In re U.S. Brass Corp.*, 110 F.3d 1261, 1268–69 (7th Cir. 1997) (holding that insurance-coverage claim was non-core as it was a "creation of state contract law" and could be "vindicated in an ordinary breach of contract suit").

Turning to the third factor, this action was undisputedly commenced in state court and then removed to this Court. *See Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 730 (Bankr. W.D. Tex. 2017) ("This requirement is satisfied if the state court action was filed, removed to federal court, and then the federal court is requested to abstain."). Thus, Plaintiffs have satisfied this factor as well.

---

[3] In fact, in its recent notice to the Court of the adversary proceeding it filed in Delaware, Hartford seems to concede that the underlying claims here are non-core claims. *See* Doc. 34-1, Adversary Compl., ¶ 10 ("This proceeding is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2).").

That leaves the Court with the fourth factor: whether the action can be timely adjudicated in state court. § 1334(c)(2). This is the only factor that Hartford explicitly opposes. Doc. 32, Defs.' Resp., 17–18. Hartford asserts that the state court had minimal involvement in the case before it was removed. *Id.* at 18. Specifically, Hartford contends that the parties never appeared in state court, the state court canceled the only substantive hearing scheduled in the case, and the court entered few orders in the case. *Id.* Hartford also argues that, despite Plaintiffs' representations, substantial discovery remains to be conducted. *Id.* at 18–19. Finally, Hartford asserts that it is not convinced that the Texas state court will handle this matter as "expeditiously" as a Delaware bankruptcy court would. *Id.* at 19.

Despite these complaints, the Court finds that Texas state courts are equally equipped and more than competent to handle the state-law insurance-coverage issues presented here. "While a naked assertion that a proceeding can be timely heard in state court will not satisfy the requirement, courts have recognized that the requirement is a relatively low hurdle to clear." *In re Dune Energy, Inc.*, 575 B.R. at 729–30 (citing, *inter alia*, *WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 605–06). Further, "[t]he issue is not whether a matter can be adjudicated more timely in state court than in federal court. Rather, the movant need only present evidence to show that the proceeding can be heard by the state court in a timely fashion." *Id.* at 730 (citing *WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 605).

Plaintiffs have presented sufficient evidence to satisfy this factor. To start, as Plaintiffs point out, the Dallas state court had made significant progress in the case in the one year that it was before the court. Doc. 29, Pls.' Mot. & Resp., 9. The parties had sent out and nearly completed written discovery, and a motion for summary judgment was ripe on the Number of Occurrences issue, which

both parties admit is a key issue in this dispute. *Id.*; *see also*, Doc. 28, Defs.' Br., 2. On remand, the Texas state court will be ready to pick up where it left off when Hartford removed this case. And after the Number of Occurrences issue is resolved at summary judgment, the court will be able to proceed to trial on Plaintiffs' remaining bad-faith claim. Doc. 33, Pls.' Reply, 6–7. Indeed, the trial court had set a trial date for April 13, 2020, before Hartford removed the case. *Id.* at 6. As Plaintiffs have offered, the Texas Office of Court Administration reports that in 2019, the Dallas state courts disposed of 79% of their cases in less than one year, with only 9% of cases taking longer than 18 months to resolve. *See* Doc. 29-2, Tex. Off. of Court Admin. Report. This is more than sufficient to show that a Dallas state court can timely adjudicate this action.

Hartford offers no contravening evidence; it merely complains that this a "complex" case that "federal courts, in contrast, are well-suited to handle . . . ." Doc. 32, Defs.' Reply, 19. However, "[u]nder our federal constitutional scheme, the state courts are assumed to be equally capable of deciding state and federal issues." *Marathon Oil v. Ruhrgas*, 145 F.3d 211, 216 (5th Cir. 1998), *overruled on other grounds*, *Ruhrgas AG v. Marathon Oil, Co.*, 526 U.S. 574 (1999). What's more, Defendants "distort" the analysis under this element. *See WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 605. The question is not whether a federal court can more timely adjudicate this matter than a Texas court; the question is simply whether this matter *can* be timely adjudicated in state court. *See id.*; *J.T. Thorpe Co. v. Am. Motorists*, 2003 WL 23323005, at *3 (S.D. Tex. June 9, 2003). Thus, because Plaintiffs have sufficiently shown that the Dallas state court is capable of timely adjudicating this matter, and because Hartford has failed to rebut this contention, the Court finds that this last element is met.

In sum, Plaintiffs have met each of the four statutory requirements under 28 U.S.C.

§ 1334(c)(2). Therefore, mandatory abstention applies, and the Court must remand this case.[4]

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Abstention and Remand (Doc. 29). Pursuant to 28 U.S.C. § 1334(c)(2), the Court must abstain from hearing this case. Thus, the Court **REMANDS** this case to the 95th Judicial District Court in Dallas County, Texas. Defendants' Motion to Transfer Venue (Doc. 27) is **DENIED** as **MOOT**. The Court directs the clerk to close this case.

SO ORDERED.

SIGNED: August 6, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Hartford's main argument in response to Plaintiffs' mandatory abstention motion is that the Boy Scouts has now changed its position on the need to coordinate its insurance-coverage disputes. Doc. 32, Defs.' Reply, 13. But Hartford does not argue that this is relevant to any of the four mandatory abstention requirements. *See id.* at 13–17. Instead, Hartford merely complains that it would be "unfair" and "inequitable" to allow the Boy Scouts to change their position. *Id.* The Court finds this is just a repackaging of Hartford's argument that the Court should decide whether to transfer the case before reaching the jurisdictional issue. *See id.* at 17. The Court already rejected that argument above, and thus this argument misses the mark for this portion of the analysis.